## LUCAS v. UNITED STATES.
### No. 5533.

Circuit Court of Appeals, Fourth Circuit.
Dec. 6. 1946.
Writ of Certiorari Denied March 17, 1947.
See 67 S.Ct. 977.

---

**866**

Cecil S. Lucas, pro se, for appellant.

Joe V. Gibson, U. S. Atty., of Kingwood, W. Va. (Wayne T. Brooks, Asst. U. S. Atty., of Clarksburg, W. Va., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order refusing to vacate a judgment sentencing one Cecil S. Lucas to five years imprisonment, on a plea of guilty to an indictment charging him with aiding and abetting federal prisoners to escape, in violation of Title 18, U.S.C.A. §§ 550 and 753h. Lucas was given this sentence on July 23, 1943. It was to begin upon the expiration of another five year sentence imposed at the same time for violation of the Motor Vehicle Theft Act, 18 U.S.C.A. § 408. He was incarcerated in Alcatraz prison; and in December, 1945, more than two years later, he moved in the court below to vacate the judgment and sentence on the ground that they were void. It is well settled that such a motion is proper procedure in an appropriate case, even though service of the sentence may not have begun. Holiday v. Johnson, 313 U.S. 342, 349, 61 S.Ct. 1015, 85 L.Ed. 1392; Costner v. United States, 4 Cir., 139 F.2d 429. It raises no question, however, except whether the judgment and sentence are void on the face of the record, and cannot be used to review the proceedings of the trial as upon appeal or writ of error. Ong v. United States, 4 Cir., 131 F.2d 175.

Lucas complains that the indictment under which he was sentenced does not charge that the prisoners whose escape he assisted were held in custody charged with felony or misdemeanor or upon conviction of an offense. It appears from the indictment, however, that the prisoners were charged to have been in the custody of the United States Marshal by virtue of "various and sundry processes issued under the laws of the United States" by a judge and court of the United States; that they were charged with escaping "feloniously"; and that Lucas was charged with "feloniously" aiding them to escape. We cannot say that the judgment and sentence entered upon a plea of guilty to such a charge is absolutely void, so that it may be set aside upon motion.

It will be noted that the offense defined by the statute* is for one to escape who is "in custody by virtue of any process

---

\* "Any person committed to the custody of the Attorney General or his authorized representative, or who is confined in any penal or correctional institution pursuant to the direction of the Attorney General, or who is in custody by virtue of any process issued under the laws of the United States by any court, judge, or commissioner, or who is in custody of an officer of the United States pursuant to lawful arrest, who escapes or attempts to escape from such custody or institution, shall be guilty of an offense. If the custody or confine-

issued under the laws of the United States," etc., and that the indictment follows the exact wording of this portion of the statute. The subsequent portion distinguishes between escape by one who is in custody under charge of felony or under conviction for any offense whatsoever, and escape by one who is merely charged with misdemeanor, making the former a felony and the latter a misdemeanor. It certainly cannot be said that the indictment does not charge any offense; and while it would undoubtedly be better practice in case of the charge of felony to set forth that the escape was by one held under conviction of crime or under charge of felony, the use here of the word "feloniously," both in the charge of escape and in the charge of aiding and abetting, shows that it was the felony under the statute which the indictment was intended to charge, and not the misdemeanor. If the question of the sufficiency of the indictment had been raised upon the trial by demurrer, motion to quash or motion for bill of particulars and had been presented by appeal from the judgment, a new trial would doubtless have been granted for error in the proceedings. A very different situation is presented, however, where the question is not raised upon the trial; for it is well settled that, where this is not done, the indictment must be held sufficient, "unless so defective that by no reasonable construction can it be said to charge the offense for which the defendants were convicted". Muench v. United States, 8 Cir., 96 F.2d 332, 334-335.

What has just been said is especially true in a case of this sort, where defendant, being represented by counsel, has pleaded guilty to the indictment, has not appealed from the sentence, and has allowed two years to elapse before raising any question as to the sufficiency of the charge against him. To allow the motion in such case would probably result in permitting the accused, on a mere technicality, to escape all punishment for an offense of which he is undoubtedly guilty and to which he pleaded guilty on a charge sufficiently specific for him and all others connected with the case to understand. To allow the guilty to escape punishment on such a barren technicality would be a reproach to the administration of justice.

Affirmed.

---

ment is by virtue of an arrest on a charge of felony, or conviction of any offense whatsoever, the offense of escaping or attempting to escape therefrom shall constitute a felony and any person convicted thereof shall be punished by imprisonment for not more than five years or by a fine of not more than $5,000, or both; and if the custody or confinement is by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, the offense of escaping or attempting to escape therefrom shall constitute a misdemeanor and any person convicted thereof shall be punished by imprisonment for not more than one year or by a fine of not more than $1,000, or both." 18 U.S.C.A. § 753h.