### PIFER v. UNITED STATES.
### No. 5536.

Circuit Court of Appeals, Fourth Circuit.
Dec. 6, 1946.

Writ of Certiorari Denied Feb. 3, 1947.
See 67 S.Ct. 636.

Louis A. Pifer, pro se, for appellant.

Joe V. Gibson, U. S. Atty., of Kingwood, W. Va. (Wayne T. Brooks, Asst. U. S. Atty., of Clarksburg, W. Va., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PER CURIAM.

In the year 1939 appellant was convicted and sentenced under two indictments, one of which charged interstate transportation of a stolen motor vehicle, and the other the crime of concealing and storing the same vehicle. In 1946, while confined in Alcatraz prison in execution of the sentences imposed upon him, he moved to vacate and set aside the judgment and sentence in the case involving concealing and storing; and from an order denying his motion, he has appealed to this court. In his brief and reply brief, he makes three contentions: (1) That the crime of concealing and storing was a part of and embraced in the crime of transporting; (2) that, if the crime of concealing and storing be not construed as a part of the crime of transporting, it is not sufficiently described in the indictment; and (3) that the facts in evidence show that only one crime was committed.

■ There is nothing in any of these contentions. As to the first, it is well settled that the crime of concealing and storing is a separate and distinct crime from that of transporting and may be separately punished. Lindsay v. United States, 10 Cir., 134 F.2d 960 and cases there cited. This is but an application of the rule that, where the same act or transaction constitutes a violation of two distinct statutory provisions, prosecution may be sustained under both where each requires proof of a fact which the other does not. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; Montgomery v. United States, 4 Cir., 146 F.2d 142. As to the second contention, the law is that an indictment, the sufficiency of which is not questioned on the trial, will not be held insufficient on a motion to vacate the judgment entered thereon unless it is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had. Lucas v. United States, 4 Cir., 158 F.2d 865. That is manifestly not the case here, as the most that can be said is that the crime charged was not described with technical accuracy. As to the third contention, nothing is better settled than that a motion such as this to vacate a judgment cannot be used to review the sufficiency of the evidence or the proceedings had on the trial as upon appeal or writ of error. Ong v. United States, 4 Cir., 131 F.2d 175.

The order appealed from will be affirmed.