with Czaki;—in short, that appellant succeeded in doing precisely what the law and the regulations prohibited.

What we have said disposes of the claim that Hildebrand and Czaki were purchasing these trucks as veterans for resale. Appellant asserts that when he dealt with Hildebrand he thought the latter was a dealer, from whom the trucks were to be purchased. The government's evidence was sufficient, if believed by the jury, to disclose that De Bon was the real purchaser from the War Assets Administration, that in accomplishing that object he asked Hildebrand to file the mail order request mentioned in the indictment, and that when this was done, all of the defendants participated in the misrepresentation and concealment charged.

We find no evidence that Hildebrand was introduced to appellant as a veteran dealer, and we perceive no reason why the jury should have been instructed on such theory.

The petition for rehearing is denied.

Leslie Dickerson, pro se.

Theodore C. Bethea, Asst. U.S. Atty., Reedsville, N. C. (Bryce R. Holt, U.S. Atty., and R. Kennedy Harris, Asst. U.S. Atty., Greensboro, N. C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying a motion to vacate a judgment and sentence of imprisonment. In the year 1946, appellant pleaded guilty to an indictment charging violation of the Harrison Anti-Narcotic Act, 26 U.S.C.A. §§ 2550 et seq., 3220 et seq., in having in his possession a quantity of codeine ad morphine without having registered and paid the tax as required by the act. The only question raised by the appeal is the sufficiency of the indictment, but the indictment was clearly sufficient to sustain the judgment and sentence. As we said quite recently, the law is that an indictment, the sufficiency of which is not questioned on the trial, will not be held insufficient on a motion to vacate the judgment entered thereon unless

**DICKERSON v. UNITED STATES.**

No. 5884.

United States Court of Appeals
Fourth Circuit.

Argued June 13, 1949.

Decided June 21, 1949.

it is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had. Pifer v. United States, 4 Cir., 158 F.2d 867; Lucas v. United States, 4 Cir., 158 F.2d 865.

Affirmed.

## MIXON v. PAUL.

### No. 5908.

United States Court of Appeals
Fourth Circuit.

Argued June 13, 1949.

Decided June 21, 1949.

Jack Randall Mixon, pro se.

R. Roy Rush, Asst. U. S. Atty., Roanoke, Va. (Howard C. Gilmer, Jr., U. S. Atty., Pulaski, Va., on the brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

### PER CURIAM.

On January 4, 1948, an indictment was returned against one Jack Randall Mixon in the United States District Court for the Western District of Virginia, charging him in two counts with violation of section 338a of Title 18 of the United States Code, now 18 U.S.C.A. § 876. He pleaded guilty to both counts of the indictment and was sentenced to seven years on each count, the sentences to run consecutively. The commitment specified that the sentence under the second count was to commence at the end of the expiration of the sentence on the first. On April 8, 1949, Mixon filed with the court a motion to correct the commitment so that it would state that the two seven year sentences were to run concurrently. Judge Paul, who had imposed the sentence, entered an order denying the motion. With the order he filed a memorandum setting forth the facts and holding that the motion should be denied on the ground that the commitment accorded with the judgment and sentence of the court as it had been pronounced. Mixon did not appeal from this order, but has petitioned this court to issue a writ of mandamus directing Judge Paul to find the facts and grant him the relief prayed.

Assuming without deciding that petitioner can apply to us for a writ of mandamus for the relief that he seeks instead of appealing from the order of the District Judge, we are, nevertheless, of opinion that the petition should be dismissed as absolutely lacking in merit. The memorandum filed by Judge Paul sufficiently finds the facts; and it appears therefrom that the commitment unquestionably embodied the mandate of the judgment that the sentences should run consecutively. The fact that, in imposing the sentences, the judge did not specify which should be served first, did not result in any ambiguity with