## UNITED STATES v. SEHON CHINN.
### Cr. No. 7399.

United States District Court
S. D. West Virginia, Huntington Division.
Dec. 7, 1949.

L. E. Given, U. S. Atty., of Charleston, W. Va., and Milton J. Ferguson, Asst. U. S. Atty., Huntington, W. Va., for plaintiff.

Charles Wilson, of Huntington, W. Va., for defendant.

WATKINS, District Judge.

■ Defendant is imprisoned at Alcatraz, California, and has made another motion to vacate a sentence of 5 years imposed upon him by this court in this case. A similar motion was made by defendant in this same case which was denied. U. S. v. Sehon Chinn, D.C.S.D.W.Va., 74 F.Supp. 189. Upon appeal this court was affirmed. Sehon Chinn v. United States, 4 Cir., 163 F.2d 876. Section 2255 of Title 28 U.S.C. A., the new Judicial Code, provides: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." Aside from this statute, there is no merit in this second motion.

Defendant contends that Section 320[1] of Title 18, U.S.C.A., as amended August 26, 1935, prohibits only the robbery of a mail custodian and that J. J. Covert, the person robbed, was not a mail custodian.

Prior to 1935, Section 320 provided: "Whoever shall assault any person having lawful charge, control, or custody of any mail matter, with intent to rob, steal, or purloin such mail matter or any part thereof, or shall rob any such person of such mail or any part thereof * * *".

In 1935, prior to this alleged offense, the statute was amended so as to cover the robbery of "any money, or other property of the United States". The second count of the indictment which is here challenged charges that the petitioner "did rob J. J. Covert, a Post Office Inspector of the United States Postal Department, of certain mail matter, and other property of the United States, to-wit, certain papers, being a part of the official records of the Post Office Department of the United States * * *", consisting of certain papers and letters.

■ This statute was fully discussed in the former opinions, cited above, and it was there held that the indictment alleged an offense under the statute to which defendant entered his plea of guilty while represented by counsel of his own choosing. Defendant has pointed out nothing in this new

1. 1948. Revised Criminal Code, 18 U.S.C.A. 2114.

motion to alter that conclusion. See also Jones v. United States, 7 Cir., 72 F.2d 873, and Randazzo v. United States, 8 Cir., 300 F. 794.

This is the third motion petitioner has made to vacate sentence because of alleged insufficiency of this same count of the indictment. In the first case, this court and the Fourth Circuit Court of Appeals on appeal held that the count stated an offense under the statute. The second motion was withdrawn by petitioner as being without merit.

In Dickerson v. United States, 4 Cir., 1949, 175 F.2d 440, the court said: "As we said quite recently, the law is that an indictment, the sufficiency of which is not questioned on the trial, will not be held insufficient on a motion to vacate the judgment entered thereon unless it is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had. Pifer v. United States, 4 Cir., 158 F.2d 867; Lucas v. United States, 4 Cir., 158 F.2d 865." See also Taylor v. United States, 177 F.2d 194 and Dennis v. United States, 177 F.2d 195 both decided by the Fourth Circuit Court of Appeals on October 4, 1949.

Motion denied.