## STATE v. RALEIGH SPELLER.

(Filed 8 March, 1950.)

**1. Constitutional Law § 33—**

It is not the right of a defendant to be tried by a jury of his own race or to have a representative of any particular race on the jury, but it is his right to be tried by a competent jury from which members of his race have not been unlawfully excluded.

**2. Jury § 3—**

Where it is found as a fact by the trial court upon supporting evidence, counsel for defendant having stated that they desire to offer no additional evidence relating thereto, that names of persons of both the white and colored races had been placed in the jury box without discrimination of any kind, his challenge to the array on the ground of racial discrimination is properly overruled.

**3. Rape § 4—**

Evidence in this case of defendant's guilt of the capital offense of rape, *held* sufficient to overrule defendant's motion to nonsuit.

**4. Rape § 5—**

Where in a prosecution for rape, the court calls to the jury's attention the fact that it might recommend imprisonment for life, Chap. 299, Session Laws 1949, an exception to the charge on the ground that the court failed to properly call this matter to the attention of the jury is feckless.

APPEAL by defendant from *Halstead, Special Judge,* August Term, 1949, of BERTIE.

Criminal prosecution on indictment charging the defendant with felonious assault and rape upon Mrs. Aubrey Davis, a female.

Verdict: Guilty of rape as charged in the bill of indictment.

Judgment: Death by asphyxiation.

The prisoner appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Rhodes for the State.*

*Herman L. Taylor and C. J. Gates for defendant.*

STACY, C. J. For the third time the defendant appeals from a conviction of rape, without any recommendation from the jury, and sentence of death as the law commands in such cases. On the prior appeals, reported in 229 N.C. 67, 47 S.E. 2d 537, and 230 N.C. 345, 53 S.E. 2d 294, new trials were ordered for jury defect and for failure to allow defendant sufficient time or opportunity to present his challenge to the array.

On the present hearing, all charges of discrimination, jury defect and alleged irregularities, which again constitute the defendant's principal exceptions, have been carefully investigated with ample opportunity afforded the defendant to be heard upon his challenges. At the close of the evidence on the challenges, counsel for the defendant announced "that they desired to offer no additional evidence in support of said motion."

The case was tried at the August Term, 1949, Bertie Superior Court, before a jury selected from a special venire drawn from Vance County at the instance of the defendant. "Defendant's counsel suggested that the venire from which the said jury should be selected be summoned from the most remote county in the Third Judicial District, the same being Vance County." (Judge's findings, R. p. 58.)

It was made to appear that on the first Monday in July, 1949, the Commissioners of Vance County had purged the jury list of their county and in full compliance with the law had placed the names of persons of both the white and colored races in the jury box without discrimination of any kind. On the special venire drawn to try the instant case there appeared the names of seven Negroes, the race to which the defendant belongs. It is not the right of any party to be tried by a jury of his own race, or to have a representative of any particular race on the jury. It is his right, however, to be tried by a competent jury from which members of his race have not been unlawfully excluded. *S. v. Koritz,* 227 N.C. 552, 43 S.E. 2d 77; *Ballard v. U. S.,* 329 U.S. 187, 91 L. Ed. 181. No such exclusion appears here. The challenge to the array was properly overruled on the findings made by the trial court, which are amply supported by the evidence and are without sufficient challenge under the rules.

We omit any recitation of the evidence in the case as it is of a sordid nature. Moreover, it has heretofore been sufficiently set out and its challenge by demurrer ruled upon. The motion for judgment as in case of nonsuit was properly overruled. *S. v. Speller,* 230 N.C. 345, 53 S.E. 2d 294.

The exceptions to the charge are feckless and are patently without merit. They are not sustained. The court was careful to call to the attention of the jury Chap. 299, Session Laws 1949, providing that "if the jury shall so recommend at the time of rendering its verdict in open court, the punishment for rape shall be imprisonment for life in the State's prison, and the court shall so instruct the jury." Notwithstanding the instruction, the jury did not see fit to make such a recommendation.

On the record as presented, the verdict and judgment will be upheld.

No error.