### ADKINS v. SMYTH.
#### No. 6255.

United States Court of Appeals
Fourth Circuit.

Argued April 9, 1951.

Decided April 10, 1951.

W. A. Hall, Jr., Richmond, Va., for appellant.

Frederick T. Gray, Asst. Atty. Gen. of Virginia (J. Lindsay Almond, Jr., Atty. Gen. of Virginia, on brief), for appellee.

Before PARKER, Chief Judge and SOPER and DOBIE, Circuit Judges.

## PER CURIAM.

This is an appeal from an order denying a writ of habeas corpus. Appellant pleaded guilty to a charge of rape in a Virginia state court and was sentenced to 30 years in the penitentiary. He subsequently applied to the Supreme Court of Appeals of the state to be released on habeas corpus on the ground that the bill of indictment was fatally defective. This was denied and the Supreme Court of the United States denied certiorari. 340 U.S. 838, 71 S.Ct. 24. He then applied to the court below for a writ of habeas corpus, asking release on the same ground that had been urged upon the Supreme Court of Appeals, and from the refusal of the court below to grant the writ he brings this appeal.

The petition is entirely without merit. While the bill of indictment does not evidence good draftsmanship, we think it sufficiently charges the crime of rape to sustain the judgment and sentence against collateral attack. Aaron v. United States, 4 Cir., 188 F.2d 446; Dickerson v. United States, 4 Cir., 175 F.2d 440; Pifer v. United States, 4 Cir., 158 F.2d 867; Lucas v. United States, 4 Cir., 158 F.2d 865. Furthermore, it is for the state courts, not the courts of the United States, to say what is a sufficient charge of crime under state law and what judgment may properly be imposed therefor if the requirements of due process are observed; and there is nothing here to indicate a denial of due process. In view of the action of the Supreme Court of Appeals of the state upon the very question presented to the court below and the denial of certiorari by the Supreme Court of the United States, the case falls squarely within the rule that "a federal [district] court will not ordinarily reexamine upon writ of habeas corpus the questions thus adjudicated". Ex Parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 450, 88 L.Ed. 572; Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; Goodwin v. Smyth, 4 Cir., 181 F.2d 498; Stonebreaker v. Smyth, 4 Cir., 163 F.2d 498, 499. As said by this court in the case last cited:

"We are confronted at the outset with the fact that the case presented by petitioner is precisely the same as that in which relief was denied by the Virginia courts and in which certiorari was denied by the Supreme Court of the United States. The rights of petitioner were fully presented in that case and the Virginia courts had full power to grant the relief asked, had they thought petitioner entitled to it. The facts were fully before the Supreme Court of the United States on certiorari; and proper respect for that court compels the conclusion that if it had thought that the record showed a denial of petitioner's constitutional rights, certiorari would have been granted and petitioner would have been afforded relief. While action of the Virginia courts and the denial of certiorari by the Supreme Court were not binding on the principle of res judicata, they were matters entitled to respectful consideration by the court below; and in the absence of some most unusual situation, they were sufficient reason for that court to deny a further writ of habeas corpus. It would be intolerable that a federal district court should release a prisoner on habeas corpus after the state courts have refused him relief in precisely the same case on a similar writ and the United States Supreme Court has refused to review their action on certiorari. This would be, in effect, to permit a federal district court to review the Supreme Court of the United States as well as the highest court of the state. The rule in such

cases was stated in the case of White v. Ragen 324 U.S. 760, 764, 765, 65 S.Ct. 978, 981, 89 L.Ed. 1348, relied on by the court below, as follows:

" 'If this Court denies certiorari after a state court decision on the merits, or if it reviews the case on the merits, a federal District Court will not usually re-examine on habeas corpus the questions thus adjudicated. Ex parte Hawk, supra, 321 U.S. [114] 118, (64 S.Ct. 448, 88 L.Ed. 572) :'

"The citation of Ex parte Hawk shows what the court had in mind in the use of the words 'will not usually re-examine' in the statement just quoted; for the court had pointed out in that case the sort of cases in which the district court would be justified in granting habeas corpus notwithstanding the denial of certiorari in cases where the state court had refused to grant relief. These were cases where resort to state court remedies had failed to afford a full and fair adjudication of the federal contentions raised either because the state afforded no remedy or because the remedy afforded proved in practice unavailable or seriously inadequate."

Affirmed.