## AARON v. UNITED STATES.
### No. 6228.

United States Court of Appeals
Fourth Circuit.

Argued March 12, 1951.

Decided March 30, 1951.

Writ of Certiorari Denied June 4, 1951.

See 71 S.Ct. 1006.

Edgar Drewry Aaron, pro se.

Theodore C. Bethea, Asst. U. S. Atty., Reidsville, N. C. (Bryce R. Holt, U. S. Atty., Greensboro, N. C., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying a motion under 28 U.S.C.A. § 2255 to vacate a judgment and sentence of imprisonment. Appellant, represented by an experienced attorney appointed by the court, pleaded guilty to an indictment charging violations of the Lindbergh Act, 18 U.S.C.A. § 1201, and the National Motor Vehicle Theft Act, 18 U.S.C.A. § 2312. The only question raised by this appeal is the sufficiency of the indictment, which charged transportation "from Greensboro, North Carolina, to near Martinsville, state of Virginia", the contention being that the crossing of the state line was not charged. The contention is clearly without merit. The sufficiency of the indictment was not questioned at the trial; and, as said by this court in Dickerson v. United States, 4 Cir., 175 F.2d 440: " * * * the law is that an indictment, the sufficiency of which is not questioned on the trial, will not be held insufficient on a motion to vacate the judgment entered thereon unless it is so obviously defective 'that by no reasonable construction can it be said to charge the offense for which conviction was had. Pifer v. United States, 4 Cir., 158 F.2d 867; Lucas v. United States, 4 Cir., 1'58 F.2d 865."

Affirmed.