SPELLER v. ALLEN, Warden.

BROWN v. ALLEN, Warden.

Nos. 6331, 6332.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 12, 1951.

Decided Nov. 5, 1951.

Herman L. Taylor, Raleigh, N. C. (C. J. Gates, Durham, N. C., on brief) for appellant, Raleigh Speller.

478

Hosea V. Price, Winston-Salem, N. C. (Herman. L. Taylor, Raleigh, N. C., on brief), for appellant, Clyde Brown.

E. O. Brogden, Jr., Raleigh, N. C., Atty. for State Highway and Public Works Commission of North Carolina.

R. Brookes Peters, Jr., Gen. Counsel of State Highway & Public Works Commission of North Carolina, Raleigh, N. C. (Harry McMullan, Atty. Gen. of North Carolina, or briefs) for appellee, Robert A. Allen.

Before PARKER, Chief Judge and SOPER and DOBIE, Circuit Judges.

## PER CURIAM.

These are appeals from denials of writs of habeas corpus in cases in which appellants have been convicted of capital felonies and sentenced to death by North Carolina state courts. In both cases the questions raised in the petitions for habeas corpus had been raised and passed upon by the trial court, the action of the trial court had been affirmed by the Supreme Court of the state and the Supreme Court of the United States had denied certiorari.[1] State v. Speller, 231 N.C. 549, 57 S.E.2d 759, certiorari denied Speller v. North Carolina, 340 U.S. 835, 71 S.Ct. 18, 95 L.Ed. 613; State v. Brown, 233 N.C. 202, 63 S.E.2d 99, certiorari denied Brown v. State of Carolina, 341 U.S. 943, 71 S.Ct. 997, 95 L.Ed. 1369. In the Speller case the court below, after granting the writ of habeas corpus and hearing evidence on the question presented and deciding that appellant's position was without merit, vacated the writ and dismissed the petition on the ground that upon the procedural history of the case the appellant was not entitled to the writ. In the Brown case the petition for the writ was denied without hearing, on the basis of its procedural history. We think that dismissal in both cases was clearly right. In view of the action of the state Supreme Court upon the identical questions presented to the court below and the denial of certiorari by the Supreme Court of the United

States, the cases fall squarely within the rule that "a federal court will not ordinarily re-examine upon writ of habeas corpus the questions thus adjudicated." Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 450, 88 L.Ed. 572; Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; Adkins v. Smyth, 4 Cir., 188 F.2d 452; Goodwin v. Smyth, 4 Cir., 181 F.2d 498; Stonebreaker v. Smyth, 4 Cir., 163 F.2d 498, 499. As said by this court in the case last cited:

"We are confronted at the outset with the fact that the case presented by petitioner is precisely the same as that in which relief was denied by the Virginia courts and in which certiorari was denied by the Supreme Court of the United States. The rights of petitioner were fully presented in that case and the Virginia courts had full power to grant the relief asked, had they thought petitioner entitled to it. The facts were fully before the Supreme Court of the United States on certiorari; and proper respect for that court compels the conclusion that if it had thought that the record showed a denial of petitioner's constitutional rights, certiorari would have been granted and petitioner would have been afforded relief. While action of the Virginia courts and the denial of certiorari by the Supreme Court were not binding on the principle of res judicata, they were matters entitled to respectful consideration by the court below; and in the absence of some most unusual situation, they were sufficient reason for that court to deny a further writ of habeas corpus. It would be intolerable that a federal district court should release a prisoner on habeas corpus after the state courts have refused him relief in precisely the same case on a similar writ and the United States Supreme Court has refused to review their action on certiorari. This would be, in effect, to permit a federal district court to review the Supreme Court of the United States as well as the highest court of the state. The rule in such cases was stated in the case of White v. Ragen, 324 U.S. 760, 764, 765, 65 S.Ct.

[1.] Two prior convictions of Speller on the same charge had been reversed by the North Carolina Supreme Court because of discrimination against Negroes in the selection of juries. State v. Speller, 229 N.C. 67, 47 S.E.2d 537; State v. Speller, 230 N.C. 345, 53 S.E.2d 294.

978, 981, 89 L.Ed. 1348, relied on by the court below, as follows:

" 'If this Court denies certiorari after a state court decision on the merits, or if it reviews the case on the merits, a federal District Court will not usually re-examine on habeas corpus the questions thus adjudicated. Ex parte Hawk, supra, 321 U.S. [114,] 118, 64 S.Ct. 448, 88 L.Ed. 572.'

"The citation of Ex parte Hawk shows what the court had in mind in the use of the words 'will not usually re-examine' in the statement just quoted; for the court had pointed out in that case the sort of cases in which the district court would be justified in granting habeas corpus notwithstanding the denial of certiorari in cases where the state court had refused to grant relief. These were cases where resort to state court remedies had failed to afford a full and fair adjudication of the federal contentions raised either because the state afforded no remedy or because the remedy afforded proved in practice unavailable or seriously inadequate."

Affirmed.