William J. OLSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7176.

United States Court of Appeals Fourth Circuit.

Argued June 5, 1956.

Decided June 18, 1956.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and MOORE, District Judge.

PER CURIAM.

 This is an appeal from an order denying a motion under 28 U.S.C. § 2255 to set aside and vacate a sentence. Appellant was charged with the interstate transportation of forged securities in violation of 18 U.S.C. § 2314. He was represented by counsel and, after waiving indictment, entered a plea of guilty to the charges against him as set forth in an information. He contends in the motion to vacate that the checks as to which forgery and transportation were charged were in an amount less than $5,000; but that amount is not required with respect to forged securities the transportation of which is made criminal by the second paragraph of 18 U.S.C. § 2314, under which the charges were drawn. Caldwell v. United States, 8 Cir., 160 F.2d 371. The counts of the information substantially charge the offense denounced by the statute; and the law is well settled that, where the sufficiency of the charge is not questioned on the trial, it will not be held insufficient on a motion to vacate the sentence unless it is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction has been had. Aaron v. United States, 4 Cir., 188 F.2d 446; Dickerson v. United States, 4 Cir., 175 F.2d 440; Pifer v. United States, 4 Cir., 158 F.2d 867; Lucas v. United States, 4 Cir., 158 F.2d 865. There is no merit in the contention that the trial judge should not have received evidence of and considered appellant's prior criminal record in passing sentence.

Affirmed.

No attorney for appellant.

William I. Ward, Jr., Asst. U. S. Atty., Statesville, N. C. (J. M. Baley, Jr., U. S. Atty., Marshall, N. C., on the brief), for appellee.