**John Buford GIBSON, Appellant,**

v.

**UNITED STATES of America,
Appellee.
No. 7394.**

United States Court of Appeals
Fourth Circuit.

Argued April 8, 1957.
Decided April 27, 1957.

John Buford Gibson, pro se, on brief.
Edwin J. Slipek, Asst. U. S. Atty., Richmond, Va. (L. S. Parsons, Jr., U. S.

Atty., Norfolk, Va., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and SOBELOFF, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of a motion under 28 U.S.C. § 2255 to vacate and set aside a sentence of imprisonment. Appellant was indicted for escape while serving a sentence in a former case. He pleaded guilty to the indictment and was given a sentence which he has served. He now asks that this sentence, which he had already served at the time of his motion, be set aside because the indictment to which he pleaded guilty described the imprisonment from which he escaped as having been imposed pursuant to the judgment of a court of the District of Columbia instead of the court which did impose it, i.e. the United States District Court for the Western District of Virginia.[1] The motion is manifestly without merit. The statute applicable to the escape of which appellant was guilty made it an offense for any person properly committed to the custody of the Attorney General or his

---

1. The indictment to which appellant pleaded guilty is as follows:

"The Grand Jurors of the United States of America duly impaneled, sworn and charge to inquire within and for the body of the Eastern District of Virginia, and attending the said Court, upon their oaths present that John Buford Gibson, heretofore, to wit, on or about the 26th day of July, 1939, was a federal prisoner and a person committed to and in the custody of, the Attorney General of the United States and his duly authorized representatives; that is to say, that the said John Buford Gibson, had before that time been convicted in the United States District Court for the District of Columbia, for violation of Section 265, Title 18 USCA [1948 Revision, 18 U.S. C.A. § 472], and after such conviction was duly sentenced to serve four years in a penal institution of the United States and in accordance with law had been committed to and was in the custody of the Attorney General of the United States and his duly authorized

representatives and was then and there, to wit, on or about the 26th day of July, 1939 in Spotsylvania County, Virginia, in the Eastern District of Virginia and within the jurisdiction of this Court being lawfully transported and carried in the custody aforesaid from one Penal Institution of the United States to another Penal Institution of the United States, to wit, from the United States Penitentiary at Atlanta, Georgia, the United States Northeastern Penitentiary at Lewisburg, Pennsylvania, and while being so transported and carried and committed to and in the custody of the Attorney General of the United States and his duly authorized representatives, the said John Buford Gibson, then and there unlawfully, knowingly and feloniously did escape and from the custody of the Attorney General of the United States and his duly authorized representatives; contrary to the form of the statute in such case made and provided and against the Peace and Dignity of the United States of America."

authorized representative to escape or attempt to escape therefrom.[2] There was no requirement in the statute or otherwise that the court imposing the sentence be named in the indictment; and the misdescription of the court did the appellant no harm. It could not have misled him as to the crime charged nor could it have prevented the plea of prior conviction being successfully asserted if there had been attempt to prosecute him again for the same offense. It is well settled that allegation of the crime of escape in the language of the statute defining the crime is sufficient. 19 Am.Jur. 369; 30 C.J.S. Escape § 25, pp. 1153–1154.

Since the gist of the crime charged was escape from the lawful custody of the Attorney General, the allegation as to the identity of the sentencing court was not necessary to the validity of the indictment; and, if any point was to be made with regard thereto, it should have been made on the trial and would necessarily have been based on the variance between allegation and proof; but as appellant pleaded guilty, no proof was required. The only question which could be presented by the motion under 28 U.S.C. § 2255 with respect to the indictment was, not whether it was supported by the facts of the case, but whether it sufficiently charged a crime; and there can be no doubt as to this. Furthermore, it is well settled that an indictment, the sufficiency of which is not questioned on the trial, will not be held insufficient on a motion to vacate judgment entered thereon unless it is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had. Aaron v. United States, 4 Cir., 188 F.2d 446, cer-

tiorari denied 341 U.S. 954, 71 S.Ct. 1006, 95 L.Ed. 1376; Dickerson v. United States, 4 Cir., 175 F.2d 440; Pifer v. United States, 4 Cir., 158 F.2d 867; Lucas v. United States, 4 Cir., 158 F.2d 865; Wilson v. Hudspeth, 10 Cir., 106 F.2d 812.

Affirmed.

---

2. The statute applicable at that time was section 9 of the Act of May 14, 1930, being Ch. 274 of the Acts of the 71st Congress Second Session, 46 Stat. 325, .327. That section is as follows:

"Sec. 9. Any person properly committed to the custody of the Attorney General or his authorized representative or who is confined in any penal or correctional institution, pursuant to the direction of the Attorney General, who escapes or attempts to escape therefrom shall be guilty of an offense and upon apprehension and conviction of any such offense in any United States court shall be punished by imprisonment for not more than five years, such sentence to begin upon the expiration of or upon legal release from the sentence for which said person was originally confined."