**David Lawrence GERARDI, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 67–214.**

United States District Court
D. South Carolina,
Florence Division.

May 9, 1967.

No appearance for petitioner.

Terrell L. Glenn, U. S. Atty., Columbia, S. C., for respondent.

ORDER

HEMPHILL, District Judge.

Petitioner attacks a sentence imposed upon him October 11, 1966 after the court accepted his plea of guilt to violation of 18 U.S.C. § 2113(a). He moves to vacate upon three grounds, the first of which attacks the indictment as invalid (insufficient) for specified reasons, the second complaint attacks the adequacy of his court appointed counsel, and his

third position is that his plea was "not voluntary and knowingly."

The indictment charged:

That on or about the 20th day of July 1966, in the County of Darlington, in the District of South Carolina, DAVID LAWRENCE GERARDI unlawfully, knowingly and wilfully did enter the Carolina Bank and Trust Company, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation, with intent to commit in such bank a felony affecting such bank and a larceny, in violation of Title 18, United States Code, Section 2113(a).

The sufficiency of the indictment was not challenged when petitioner was arraigned, nor throughout his plea. "The law is that an indictment, the sufficiency of which is not questioned on the trial, will not be held insufficient on a motion to vacate the judgment entered thereon unless it is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had." Aaron v. United States, 188 F.2d 446, cert. den. 341 U.S. 954, 71 S.Ct. 1006, 95 L.Ed. 1376 (4th Cir. 1951); Gibson v. United States, 244 F.2d 32 (4th Cir. 1957); United States v. Lawrenson, 373 U.S. 938, 315 F.2d 612, cert. den. 83 S.Ct. 1542, 10 L.Ed.2d 693 (4th Cir. 1963). The attacked indictment fully and correctly informs petitioner of the charge. The language specifically states the jurisdiction of the court.

Petitioner's charge of inadequacy of counsel is refuted by the record of proceedings before this court. The same as transcribed by the official court reporter are attached to and made a part of this record. The charge of inadequate legal representation can prevail only if it can be said that what was done or was not done by the attorney made the proceedings a farce and a mockery of justice, shocking to the court's conscience, and the speculation, hope, or fact that a different or more palatable result might have been obtained by a different lawyer [there is no shred of proof of such here] does not mean the defendant has not had effective assistance of counsel. Scott v. United States, 334 F.2d 72, cert. den. 379 U.S. 842, 83 S.Ct. 542, 13 L.Ed.2d 48 (6th Cir. 1964). The court appointed counsel for petitioner presented to the court more than satisfactory evidence of his interest in petitioner, his professional application and skill to attend the matter. The court endeavored a searching inquiry into the matter, as directed in Arnold v. United States, 271 F.2d 440 (4th Cir. 1959); attention is directed to the transcript of arraignment.

Petitioner presents no written argument in support of his allegation that his plea was not voluntary and knowingly. He states "the facts speak for themselves." The facts here do not warrant relief, as the arraignment reveals. See Bloombaum v. United States, 211 F.2d 944 (4th Cir. 1954); Merideth v. United States, 208 F.2d 680 (4th Cir. 1953); Wilkins v. United States, 4 Cir., 181 F.2d 495, cert. den. 339 U.S. 969, 70 S.Ct. 1013, 94 L.Ed. 1390.

The court finds that the motion, the files and the records of the case conclusively show that petitioner is entitled to no relief. In addition to his petition and the transcript of his arraignment and plea, (made a part hereto, supra) the court has reviewed, and makes a part of this record Criminal Docket No. 66–352, Florence Division, United States District Court for the District of South Carolina.

There is no requirement for the production of petitioner at any hearing upon this petition.

Authority is granted petitioner to proceed *in forma pauperis*.

Petition denied.

And it is so ordered.