## LUCAS v. UNITED STATES.

### Crim. A. No. A–5302.

United States District Court
N. D. West Virginia.

Jan. 20, 1948.

See also, 114 F.Supp. 584; 114 F.2d 583.

582

Don McKee, Francis J. Love, Gilbert S. Bachmann, Wheeling, W. Va., for petitioner.

C. Lee Spillers, U. S. Atty., Wheeling, W. Va., for respondent.

BAKER, District Judge.

I have now before me a petition for "Writ of Error Coram Nobis Ad Testificandum," filed by Cecil S. Lucas on January 13, 1948. I have never heard of appending the ad testificandum to the common-law writ of coram nobis. It is also my opinion that since the adoption of the Federal Rules of Criminal Procedure, 18 U.S.C.A., the common-law writ of coram nobis no longer has any application in United States Courts. It is my belief that parties who have been sentenced, either upon a plea of guilty or verdict of a jury, must proceed under Rule 33, Rule 35, or Rule 36, or must take an appeal as provided in Rule 37.

Petitioner cites the case of Roberts v. United States, 158 F.2d 150, from the Fourth Circuit Court of Appeals, decided November 21, 1946, which did hold that a writ of error coram nobis is available in Federal Courts. However, the sentence attacked in that case had been imposed on October 18, 1943, and since the Rules of Criminal Procedure did not take effect until March 21, 1946, the Roberts case is no longer authority on this particular question.

A decision as to the availability of the writ, however, is not necessary in order to dispose of Lucas' petition. Every point urged by Lucas against the indictment under which he was sentenced was previously urged by him and considered by the Circuit Court of Appeals in the case of Lucas v. United States, 4 Cir., 158 F.2d 865, in which the same sentence of the same defendant, under the same indictment, was considered by that Court. That case specifically held that the indictment was sufficient to sustain the sentence pronounced, and discussed and disposed of the precise contentions as to invalidity as are now again raised by the same petitioner. It is true that the Circuit Court of Appeals did say that had a demurrer been filed in this Court, it would probably have been sustained, either by me or, assuming a proper appeal had been taken, by the Circuit Court of Appeals. However, no demurrer was filed.

Petitioner now pins his only hope upon allegedly incompetent counsel appointed by the Court. At the time petitioner was first arraigned, I appointed three practicing attorneys at the Wheeling Ohio County Bar, to represent him. One, Mr. Don McKee, had previously served eight years as Assistant Prosecuting Attorney of Ohio County, one of the largest in West Virginia, and four years as that County's Prosecuting Attorney. Another, Mr. Francis J. Love, is now the representative in the Congress of the United States from the First Congressional District of West Virginia and was, at that time, one of Wheeling's outstanding attorneys. The third, Mr. Gilbert S. Bachmann, is an extremely careful and competent attorney and probably represents as many defendants in Federal Court as any one man at our Bar. In other words, I did not appoint one young and inexperienced attorney to represent

Lucas. I appointed three men, in all of whom I reposed, at that time, and still repose great confidence. They did not see fit to interpose a demurrer and advised a plea of guilty which was, in fact, entered. I do not feel that I now have any right to question the honesty, integrity, or wisdom of their conduct. For these reasons, the motion will be denied.

See also, 114 F.Supp. 584; 114 F.Supp. 581.