## UNITED STATES v. LUCAS.

Crim. A. No. A-5302.

United States District Court
N. D. West Virginia.

Jan. 13, 1949.

See also, 114 F.Supp. 584; 114 F.Supp. 581.

Don McKee, Francis J. Love, Janice Seibert, Gilbert S. Bachmann, Wheeling, W. Va., for Lucas.

C. Lee Spillers, U. S. Atty., D. Paul Camilletti, Asst. U. S. Atty., Wheeling, W. Va., for the Government.

BAKER, District Judge.

This matter is on for hearing upon a motion by the defendant, Cecil S. Lucas, to correct a judgment and sentence of five years pronounced upon him July 23, 1943, and an answer by the Government to such motion.

Sometime in March of 1943, Cecil S. Lucas, being then a soldier in the United States Army, went A. W. O. L. On May 18, 1943, he stole an automobile at Red House, Maryland, and accompanied by his sister transported the car to Harmon, West Virginia, where it was abandoned. Lucas and his sister made their way from Harmon to Elkins, West Virginia, and stayed for a time at a tourist home in that city. He cashed some checks with the owner of the tourist home, which proved to be forgeries, and on June 1, 1943, Lucas was arrested by the City Police of Elkins for forgery and was lodged in the Randolph County Jail to await action of the Randolph County Grand Jury.

On June 14, 1943, a jail break occurred. Several prisoners, who were in Federal custody, escaped jail at that time. Lucas was one of the leaders in this jail break; in fact, Lucas made the escape possible by committing a serious and aggravated assault upon the jailer with a home-made, but very effective, blackjack.

On July 8, 1943, three indictments were returned in this court against Lucas by the Federal Grand Jury at Elkins. The first, No. A-5297, was for a violation of the National Motor Vehicle Theft Act. The second, No. A-5302, D.C., 114 F.Supp. 581, was for a violation of the Federal Es-

cape Statute. The third, No. A–5305, was for conspiracy to violate the Federal Escape Statute. All three indictments were later transferred to Wheeling for disposition. A jury trial was had in case No. A–5305; that is, the indictment charging conspiracy. This resulted in a verdict of guilty as to Lucas and all the other defendants. Following the return of this verdict, Lucas entered pleas of guilty in cases Nos. A–5297 and A–5302.

On July 23, 1943, Lucas was sentenced in case No. A–5297 to imprisonment for five years; in case No. A–5302 to imprisonment for five years, beginning at the expiration of the sentence in A–5297; and in case No. A–5305 to two years, beginning at the expiration of the sentence in A–5302.

Lucas now contends that the maximum sentence that could have been pronounced in case No. A–5302 was three years, and asks that an order be entered reducing the five-year sentence pronounced in that case to one of three years.

The indictment in No. A–5302 was drawn on the theory that Title 18, § 550 [1948 Revised Criminal Code, 18 U.S.C.A. § 2], which makes aiders and abettors principals, made Lucas liable as a principal in the jail break, even though at the time of the break he was not a Federal prisoner. (All Statute references are to the sections as designated at the time of the indictment, not to the sections in the new Criminal Code.)

Lucas contends that Title 18, § 753i [1948 Revised Criminal Code, 18 U.S.C.A. § 752], makes aiding and abetting a Federal escape a specific offense, and fixes the penalty therefor at three years. It is his contention that the Government cannot proceed under a general statute for a crime which is covered by a specific one. With that contention, I am forced to agree.

It is my opinion that the maximum penalty for the offense charged in No. A–5302, under the facts that existed, was imprisonment for three years. An order will, therefore, be entered reducing the sentence imposed July 23, 1943, in this case from five years to three years.