**LUCAS v. UNITED STATES.**
**No. A–5302–W.**

United States District Court
N. D. West Virginia, Wheeling Division.
July 13, 1953.

Cecil S. Lucas, pro se.

Howard Caplan, U. S. Atty., of Clarksburg, W. Va., H. Clare Hess, of Fairmont, W.Va., and Milford L. Gibson, of Kingwood, W.Va., Asst. U. S. Attys., for the United States.

WATKINS, District Judge.

Petitioner is now serving a sentence of two years imposed by this court after trial and conviction by a jury on Indictment No. 5305 charging conspiracy to violate the Federal Escape Act. He is serving the sentence at Atlanta, and is eligible for release October 11, 1954. This is the last of three consecutive sentences imposed upon him by this court on July 23, 1943. The other two sentences of five years under Indictment No. 5297 and three years under Indictment No. 5302 have been served.

This is a motion or petition under Section 2255 to vacate the second sentence under Indictment No. 5302 which sentence has been served. The present motion alleges that he was not properly represented by counsel as guaranteed by the Sixth Amendment, and that petitioner pleaded guilty to a misdemeanor and not to a felony. The government contends that these same questions have been raised in prior motions under Section 2255 and have been decided by this court, and points out that Section 2255 provides that the "sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." The government contends that petitioner should not be permitted to try his contentions in piecemeal by filing petition after petition under Section 2255; that this court has been most indulgent in entertaining his various petitions, but that the time has come to invoke the statute against successive petitions.

In an opinion filed by Judge William E. Baker of this court on January 13, 1949, 114 F.Supp. 583 on a motion made by petitioner to correct sentence under Indictment No. 5302, the facts were stated by Judge Baker, the sentencing judge, as follows:

"Sometime in March of 1943, Cecil S. Lucas, being then a soldier in the United States Army, went A. W. O. L. On May 18, 1943, he stole an automobile at Red House, Maryland, and accompanied by his sister transported the car to Harmon, West Virginia, where it was abandoned. Lucas and his sister made their way from Harmon to Elkins, West Virginia, and stayed for a time at a tourist home in that city. He cashed some checks with the owner of the tourist home, which proved to be forgeries, and on June 1, 1943, Lucas was arrested by the City Police of Elkins for forgery and was lodged in the Randolph County Jail to await action of the Randolph County Grand Jury.

"On June 14, 1943, a jail break occurred. Several prisoners, who were in Federal custody, escaped jail at that time. Lucas was one of the leaders in this jail break; in fact, Lucas made the escape possible by committing a serious and aggravated assault upon the jailer with a home-made, but very effective, blackjack.

"On July 8, 1943, three indictments were returned in this court against Lucas by the Federal Grand Jury at Elkins. The first, No. A–5297, was for a violation of the National Motor Vehicle Theft Act. The second No. A–5302, D.C., 114 F.Supp. 581, was for a violation of the Federal Escape Statute. The third, No. A–5305, was for conspiracy to violate the Federal Escape Statute. All three indictments were later transferred to Wheeling for disposition. A jury trial was had in case No. A–5305; that is, the indictment charging conspiracy. This resulted in a verdict of guilty as to Lucas and all the other defendants. Following the return of this verdict, Lucas entered pleas of guilty in cases Nos. A–5297 and A–5302.

"On July 23, 1943, Lucas was sentenced in case No. A–5297 to imprisonment for five years; in case No.

A–5302 to imprisonment for five years, beginning at the expiration of the sentence in A–5297; and in case No. A–5305 to two years, beginning at the expiration of the sentence in A–5302."

The second sentence of five years upon Indictment No. 5302 was reduced from five to three years on January 13, 1949, making a total sentence of ten years. He was released by conditional release November 19, 1949 and was taken into custody April 24, 1952 as ·a conditional release violator. The conditional release term amounts to 1,341 days, and with credit for 440 days of good time he is eligible for release October 11, 1954.

The court records will show eleven prior petitions to vacate the same sentence which he here attacks as follows:

1. Petitioner first made motion to vacate this sentence on September 19, 1945, charging that sentence of five years was invalid on the face of the record. After hearing, that motion was denied by Judge Baker on October ·18, 1945.

2. On June 17, 1946, he filed an amended motion to vacate sentence charging that the indictment and sentence thereon are void on the ground that the indictment does not charge any offense under the laws of the United States. That motion was denied by Judge Baker on August 14, 1946. An appeal was taken to the Circuit Court of Appeals for the Fourth Circuit, which affirmed the District Court. Lucas v. United States, 4 Cir., 158 F.2d 865, certiorari denied 330 U.S. 841, 67 S.Ct. 977, 91 L.Ed. 1287, rehearing denied 331 U.S. 863, 67 S.Ct. 1186, 91 L.Ed. 1869. In that proceeding Lucas complained that Indictment No. 5302 did not charge that the prisoners whose escape he assisted were held in custody charged with a felony or misdemeanor or upon conviction of an offense. The Circuit Court of Appeals, while upholding the action of the district court, stated [158 F.2d 867]: "If the question of the sufficiency of the indictment had been raised upon the trial by demurrer, motion to quash or motion for bill of particulars and had been presented by appeal from the judgment, a new trial would doubtless have been granted for error in the proceedings."

Some of the reasons for affirming the action of the lower court were stated to be, among other equally persuasive ones, that the petitioner had been represented by counsel in the lower court, had pleaded guilty to the indictment and that the indictment was not so defective that by reasonable construction it could' not be said to charge the offense for which the defendant was convicted. The charge in the present petition that his counsel was incompetent, evidently arises from the statement quoted above. If his attorneys informed him of their beliefs, he acquiesced in their judgment. If an error was committed by movant's counsel, it was an error of judgment and not now subject to attack under Section 2255.

3. Motion to vacate judgment and sentence and petition for writ of error coram nobis ad testificandum, filed June 6, ·1947, charging:

"(1) That the plea of guilty heretofore entered by the Petitioner to the aforesaid indictment was involuntarily made through deceit and misrepresentations on the part of counsel for the petitioner, and through mistake, inadvertence and excusable neglect on the part of petitioner; and,

"(2) That the petitioner is an uneducated layman and appointed counsel did not properly advise petitioner as to the procedure employed in such cases as would cure the defect in the indictment at the case at bar; and,

"(3) That the said mistake, inadvertence and excusable neglect of said plea of guilty was not the fault of petitioner, in that, the petitioner through the advise of his counsel was prevented from having a fair and impartial hearing and trial as to the charges set forth in the aforesaid indictment and, that this Court would not have entered or imposed any sentence whatever on said indictment had it not been for the deceit and misrepresentations made by counsel for petitioner, and for the involuntary plea made through mistake, inadvertence and excusable neglect on the part of the petitioner, that is, that such plea of guilty heretofore entered

to the said indictment was made through the advice of his counsel and is excusable if counsel failed to properly represent the petitioner; and,

"(4) That through incompetency of counsel, he was convicted upon an indictment that would have been dismissed on demurrer or motion to quash. That failure of counsel to properly take advantage of such errors was a denial of due process of law in violation of and contrary to the Fifth Amendment to the United States Constitution; and

"(5) That judgment and sentence of five years is void because fraud was practiced upon petitioner in obtaining the judgment and sentence."

On December 1, 1947, movant caused to be filed his motion for leave to withdraw said motion and petition. By order made on December 11, 1947, said motion and petition were, on movant's motion, dismissed.

4. On January 13, 1948, movant caused to be filed in the clerk's office of this court his "Petition for Writ of Error Coram Nobis ad Testificandum," in which he alleged, so far as material to this proceeding, as follows:

"Facts Involved"

" * * * and appointed counsel advised that no merits appeared in the case and that petitioner should plead guilty. Upon such advice petitioner entered plea of guilty and was sentenced for a period of five years.

"Petitioner avers and alleges that his plea of guilty to this indictment was involuntarily made through deceit and misrepresentation on the part of counsel for the petitioner and through mistake, inadvertence and excusable neglect on the part of petitioner.

"Petitioner avers and alleges that he was an uneducated person and appointed counsel did not properly advise petitioner as to the procedure in such cases as would cure the defect in the indictment in the case at bar.

"Petitioner avers and alleges that his plea of guilty as entered to the indictment was a mistake, inadvertence and excusable neglect on the part of your (sic) petitioner, in that, the petitioner through the advice of appointed counsel was prevented from having a fair and impartial hearing and trial as to the charges set forth in the aforesaid indictment, and that this Court would not have entered or imposed any sentence whatever on said indictment had it not been for the deceit and misrepresentations made by counsel for petitioner.

"Petitioner avers and alleges that through incompetency of counsel he was convicted upon an indictment that would have been dismissed on demurrer or motion to quash. That failure of counsel to properly take advantage of such errors was denial of due process of law guaranteed by the Fifth Amendment to the United States Constitution.

"Petitioner's Contentions"

"(1) * * * the judgment and sentence is void without due process of law in violation of the Fifth and Sixth Amendments to the Constitution of the United States in that:

"(a) The plea of guilty entered herein to the indictment was involuntarily made through deceit and misrepresentations on the part of counsel for the petitioner and, through mistake, inadvertence and excusable neglect on the part of the petitioner, and:

"(b) That such plea of guilty as heretofore entered fails to charge in substance that such federal prisoners were held pursuant to felony or misdemeanor, and:

"(c) That the portion of said indictment setting forth the charge against petitioner fails to allege that petitioner aided federal prisoners in escape from custody of felony or misdemeanor, that is, the indictment is devoident in substance as whether such federal prisoners were held pursuant to felony or misdemeanor

\* \* \* \* \* \*

"Your petitioner therefore contends and alleges that he was deprived of fair and impartial hearing upon the indictment herein through deceit and misrepresentation on the part of counsel for petitioner, and through mistake, inadvertence and excusable neglect on the part of petitioner and that had the aforesaid matters been called to the attention of this Honorable Court at the time of arraignment no sentence whatsoever would have been imposed upon your petitioner."

On January 20, 1948, a hearing was had on said petition, and on the same day an order was made by the court, whereby said petition was, for reasons set forth in a written and signed memorandum of opinion filed with said order, refused. 114 F. Supp. 581.

In said memorandum of opinion the court referred to the *per curiam* opinion in Lucas v. United States, supra, and said in part:

"Petitioner now pins his only hope upon allegedly incompetent counsel appointed by the Court. At the time petitioner was first arraigned, I appointed three practicing attorneys at the Wheeling, Ohio County Bar, to represent him. One, Mr. Don McKee, had previously served eight years as Assistant Prosecuting Attorney of Ohio County, one of the largest in West Virginia, and four years as that County's Prosecuting Attorney. Another, Mr. Francis J. Love, is now the representative in the Congress of the United States from the First Congressional District of West Virginia and was, at that time, one of Wheeling's outstanding attorneys. The third, Mr. Gilbert S. Bachmann, is an extremely careful and competent attorney and probably represents as many defendants in Federal Court as any one man at our Bar. In other words, I did not appoint one young and inexperienced attorney to represent Lucas. I appointed three men, in all of whom I reposed, at that time, and still repose great confidence. They did not see fit to interpose a demurrer and advised a plea of guilty which was, in fact, entered. I do not feel that I now have any right to question the honesty, integrity, or wisdom of their conduct. For these reasons, the motion will be denied."

On January 22, 1948, movant appealed to the Circuit Court of Appeals for the Fourth Circuit. By order made by that court on March 12, 1948, said petition for appeal was docketed in said court *in forma pauperis,* and, because it appeared to said appellate court from a letter dated February 16, 1948, addressed to said court by the appellant, Cecil S. Lucas, that appellant did not intend to prosecute his appeal in said court, said appeal was dismissed.

5. Motion to vacate four years of the five-year sentence filed March 30, 1948, charging that a sentence for more than one year cannot lawfully be imposed pursuant to an indictment for violation of Sections 753h and 550 Title 18 U.S.C.A. [1948 Revised Criminal Code, 18 U.S.C.A. §§ 2, 751]. Motion, filed April 26, 1948, for leave to withdraw this motion and order entered April 26, 1948, dismissing this motion to vacate.

6. Motion to vacate two years of the five-year sentence, filed May 17, 1948, charging that the offense charged is governed by a special statute, Title 18 U.S.C.A. § 753i, which provides a maximum of three years. Motion to withdraw this motion filed July 13, 1948, on ground he had not yet commenced to serve said sentence. Order made July 15, 1948, permitting withdrawal of said motion.

7. Motion to correct judgment and sentence, filed November 19, 1948 pursuant to Title 28 U.S.C.A. § 2255, to reduce sentence from the five years imposed to three years as maximum authorized by Special Statute, Title 18 U.S.C.A. § 753i [1948 Revised Criminal Code, 18 U.S.C.A. §§ 752, 1072], instead of the five years imposed under the general statute governing aiding and abetting, Title 18 U.S.C.A. § 550 [1948 Revised Criminal Code, 18 U.S.C.A. § 2]. Order reducing judgment from five to three years, and filing court's memorandum of opinion, made January 13, 1949.

8. Motion to vacate judgment and sentence pursuant to Title 28 U.S.C.A. § 2255 filed March 1, 1949, charging that conviction by verdict in Criminal Case No. 5305 for conspiracy to effect escape of federal prisoners was a bar to sentence imposed in Criminal Case No. 5302, here at bar, on ground that he cannot lawfully be punished twice for same act proved by same evidence, and that such sentence under Indictment 5302 deprives him of his liberty without due process of law arbitrary to the Fifth Amendment to the Constitution of the United States. Movant's affidavit filed April 8, 1949, alleged in material part,

"* * * that on July 16, 1943, he was produced in open Court and found guilty of conspiracy to escape, Indictment No. A–5305, and that immediately after he was found guilty for conspiracy he was advised by Mr. Joe Gibson, United States Attorney, that if he would plead guilty to Indictment No. A–5302, that a sentence would be imposed. However, such sentence would run concurrently with the sentence in Criminal Cause A–5297 and A–5305.

"The defendant Cecil S. Lucas also says that at the time he pleaded guilty he was only twenty-two years old and was uneducated and it was his first time to be tried in a Federal Court, he did not know his rights, that he pleaded guilty only because the United States Attorney advised him that such sentence as might be imposed would run concurrently with whatever sentence as might be imposed in Criminal Cause No. A–5305 and A–5297."

An order, made May 18, 1949, after hearing at which movant was represented by counsel appointed by the court, overruled the said motion last above mentioned.

9. Petition, filed July 1, 1952, praying movant be furnished with copies of papers attending his motion to vacate two years of sentence and papers touching the conspiracy case. Order, filed July 1, 1952, denying the prayer of said petitioner.

10. Motion, dated November 20, 1952, for leave to file a motion "to attack the sentences imposed in Case Nos. 5297 and

5302" pursuant to Title 28 U.S.C.A. § 2255. Motion dated March 16, 1953, to withdraw the motion last mentioned. Order entered July 3, 1953, permitting such withdrawal.

11. The present motion, filed March 4, 1953, to vacate and set aside sentence imposed pursuant to Indictment 5302 alleges:

"* * * Petitioner * * * was not properly represented by competent counsel and did not receive the effective assistance of counsel guaranteed by the said amendment. The attorneys appointed by the Court told your petitioner to plead guilty assuring petitioner that the indictment would not sustain a felony, but would result in a misdemeanor and a maximum sentence of one year * * * that Mr. McGee attorney appointed by the Court was at that time a prosecuting attorney. * * Your petitioner was framed by prosecuting attorneys.

"* * * That the court veered widely from every case of ethics when they appointed counsel for your petitioner, to-wit: skillfully and knowingly the Court in cooperation with the District Attorney in his efforts to obtain a conviction, took great advantage of your petitioner's ignorance of the laws and appointed Mr. McGee state prosecuting attorney, to defend and represent your petitioner."

The court has taken time to set out in this opinion the many motions which petitioner has made to show to what extent the court has been indulgent with petitioner in entertaining and deciding motions to vacate sentence. In his latest brief petitioner indicates that he will continue to file motions to vacate his sentence until "given a fair opportunity to prove his innocence". He pleaded guilty to the sentence which he now attacks, and has not claimed in this or any other petition that he was innocent of the charges in that indictment. He insists that he be returned to this court to attend the hearing on this motion.

The provision in Section 2255 relating to second or successive motions to vacate sentence was intended to cover this sort of a case and under the discretion

given the court, I decline to entertain this cumulative petition. All the grounds which are set forth in this motion have been presented to and passed upon by the court in one or more of the ten prior proceedings described above.

In the motion filed on January 13, 1948, he charged his counsel with deceit and misrepresentation, and that he thereby, upon advice of counsel, involuntarily pleaded guilty. He therein contended that failure of counsel to take advantage of errors was denial of due process of law guaranteed by the Fifth Amendment and that he was denied the effective assistance of counsel and a fair trial and that the judgment and sentence were void under the Fifth and Sixth Amendments. In a written opinion Judge Baker found the three counsel who represented him to be competent, and that there was nothing to justify the court in questioning their conduct. The motion was denied and petitioner appealed, which appeal was later dismissed at his request.

Again, by motion filed March 1, 1949, he moved to vacate the same sentence under Section 2255, claiming that the United States Attorney advised him that if he would plead guilty to Indictment No. 5302, the sentence thereon would run concurrently with the other two sentences. A hearing was had on that motion at which he was represented by counsel, and the motion denied.

Since these last motions, petitioner has evidently learned that one of his attorneys (Don McKee) had served twelve years either as prosecuting attorney or assistant prosecuting attorney of Ohio County, West Virginia. This information was contained in one of the opinions of Judge Baker showing that the attorneys appointed for him were men of experience. In his first brief the petitioner infers that McKee was still serving as prosecuting attorney when he represented defendant, but in the second brief petitioner sets out the true facts—that McKee had not been a prosecuting attorney for seven years prior to his representation of petitioner. This is the only new information set out in the new petition.

██ If I were to entertain the present motion I would be required to dismiss it for several reasons. First, the matters set forth have already been presented to the court and decided. Second, the allegations of the pending motion are inconsistent with previous motions. On November 19, 1948, he moved to reduce this sentence from five years to three years. Had he believed that the offense was a misdemeanor punishable by imprisonment for not more than one year, he would have attacked the sentence on that ground, rather than ask for a reduction of a felony sentence of five years to another felony sentence of three years. Third, this court and the Court of Appeals have held the judgment and sentence in this case to be valid. Fourth, petitioner is not in custody under the sentence which his motion now attacks. That sentence has been served. Fifth, relief under Section 2255 can not be used as substitute for an appeal. In his brief petitioner admits "if the judgment has been satisfied in 5297 and 5302, then the movant is serving the two-year sentence in case No. 5305 and is without grounds to attack said counts collaterally. If judgment has not been satisfied then the sentence complained of is subject to collateral attack." Sixth, a defendant in a criminal case cannot seemingly acquiesce in his counsel's defense of him or his lack of it and, after trial has resulted adversely, have judgment set aside because of alleged incompetence, negligence or lack of skill of such counsel. United States ex rel. Darcy v. Handy, 3 Cir., 203 F.2d 407; Tompsett v. State of Ohio, 6 Cir., 146 F.2d 95. Seventh, the motion does not set out any facts upon which the relief asked might be granted.

In Story v. United States, 8 Cir., 185 F.2d 952, 954, the court said:

"The Supreme Court, in Darr v. Burford, etc., 339 U.S. 200, 70 S.Ct. 587, 596 [94 L.Ed. 761], which was a habeas corpus case, held that while res judicata does not apply to applications for writ of habeas corpus, yet, 'On that application, the court may require a showing of the record and action on prior applications, and may decline to examine further into the merits because they have already been decided against the petitioner. Thus there is

avoided abuse of the writ by repeated attempts to secure a hearing on frivolous grounds, and repeated adjudications of the same issues by courts of coordinate powers.' That seems to have been the procedure followed by the trial court in the instant case."

The petition and motion are dismissed for the reasons stated.