**BROWN v. ZERBST, Warden.** *
No. 8808.

Circuit Court of Appeals, Fifth Circuit.
Nov. 4, 1938.

746

L. F. Klutz, of Newton, N. C., and John H. Brown, in pro. per., of Atlanta, Ga., for appellant.

Lawrence S. Camp, U. S. Atty., and Harvey H. Tisinger and J. Ellis Mundy, Asst. U. S. Attys., all of Atlanta, Ga., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Three indictments were returned against appellant in the United States District Court for the Western District of North Carolina. He was convicted, sentenced, and is now confined in the United States Penitentiary at Atlanta, Georgia.

Appellant petitioned for habeas corpus alleging that on the first and second indictments the conspiracy and violation of the revenue laws were predicated upon United States Statutes which had been repealed, and that the third indictment did not allege facts constituting a crime or violation of any United States Statute, and that his conviction was further unlawful because he was not tried by a jury. This appeal is from an order discharging the writ and remanding the appellant to the custody of the appellee.

The first indictment was under the general conspiracy statute, 18 U.S.C.A. § 88, and was predicated upon 26 U.S.C.A. §§ 1155(e) (R.S. § 3256), 1155(f) (2) (R.S. § 3257), 1162, 1184, 1185. The statutes under which the appellant was sentenced under the second indictment are 26 U.S.C.A. §§ 1162 (R.S. § 3258), 1184 (R.S. § 3281). Upon careful examination of these statutes it will be seen that they were in effect at the time of the commission of the alleged offenses. Tramp v. United States, 8 Cir., 86 F.2d 82, and cases cited.

The third indictment, under which appellant was convicted, charged an assault upon an officer of the United States with a dangerous or deadly weapon in violation of 18 U.S.C.A. §§ 253, 254. The appellant contends that the person assaulted, an investigator of the Alcohol Tax Unit, was not an officer of the United States within the meaning of the statute. The officer assaulted had the duties and authority of an officer of the Internal Revenue with regard to enforcing the internal revenue laws with respect to liquor (Treasury Decision, 4432, Vol. 32, p. 211,) and was, therefore, an officer within the meaning of the above sections.

[2, 3] The appellant further contended that he was denied trial by jury, but we find no merit to this contention. On the hearing of the petition for habeas corpus original interrogatories of the Presiding Judge, the attorney for the United States, and the Deputy Clerk of the Court, and a deposition of the defense counsel were introduced showing affirmatively that the appellant waived his right to trial by jury in open court, and that such waiver was intelligently and deliberately made. A trial by jury in a criminal case may be waived. Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263.

The judgment of the District Court is affirmed.