## LONG v. UNITED STATES.

No. 6465.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 7, 1952.

Decided Nov. 10, 1952.

W. H. McElwee, North Wilkesboro, N. C. (T. C. Bowie, Jr., Jefferson, N. C., on brief), for appellant.

Theodore C. Bethea, Asst. U. S. Atty., Reidsville, N. C. (Bryce R. Holt, U. S.

Atty., Greensboro, N. C., on brief), for appellee.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and WILLIAMS, District Judge.

PARKER, Chief Judge.

This is an appeal in a criminal case. Appellant was charged under an indictment containing two counts with violation of 18 U.S.C. § 111 which provides:

"§ 111. Assaulting, resisting, or impeding certain officers or employees. Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both. Whoever, in the commission of any such acts uses a deadly or dangerous weapon, shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

The first count of the indictment charged that appellant "opposed, impeded and interfered with" one Irwin, a deputy United States Marshal, while engaged in official duties. The second count charged that he "forcibly assaulted, opposed, impeded and interfered with" the deputy marshal while engaged in official duty, and "in the commission of such act used a deadly and dangerous weapon, that is a shot gun". The jury convicted appellant on the first count but found him not guilty on the second count.

Appellant complains because of the refusal of the trial judge to exclude evidence as to what took place during a search of his residence, to direct a verdict of acquittal on the evidence and to arrest the judgment because of the failure of the first count of the indictment to charge the use of force in connection with the "opposing, impeding and interfering" charged and because there was an acquittal on the count charging the use of force. The first two points are so lacking in merit as not to warrant discussion. The remaining point, while not ground for arresting the judgment, calls attention to error in submitting the case to the jury of so fundamental a character as to require that the conviction be reversed.

The facts are that a warrant had been issued for the arrest of one Carl Ballard, whom the federal officers believed to be at the home of appellant, who resided in a small house in a rural section of North Carolina. The officers went to appellant's home in the night time and found the premises dark. They called out but received no answer until one of them climbed up and flashed a light in a window of one of the rooms, where he saw appellant lying on a bed. Appellant, who claims that he was awakened and frightened by the light flashed in his face, seized a gun and fired through the window for the purpose, as he says, of frightening away persons whom he thought were unlawfully invading his premises. Learning that the persons with whom he was dealing were officers of the law, he opened the door and voluntarily admitted them to the house, but upon inquiry, denied that Carl Ballard was there. The officers proceeded to search the house and found Ballard hiding in the attic. Appellant testified on the trial that Ballard had left the house sometime prior to the arrival of the officers and that appellant, having gone to sleep in the meantime, did not know of his return; but there was other evidence which would justify the jury in believing that appellant was not telling the truth about this and that he had denied the presence of Ballard for the purpose of misleading the officers.

The trial judge correctly instructed the jury that, if they found that appellant fired the gun for the purpose of obstructing and impeding the officers in the discharge of their duty, the jury could convict him under the second count of the indictment. He further instructed them, however, that the prosecution contended that, even if the appellant did not fire the gun for that purpose, he would nevertheless be guilty under the first count if he attempted to mislead the officers by telling them that Ballard was not in the house;

and the jury under the instructions was permitted to return a verdict of guilty under the first count on such a finding. In this we think there was manifest error, in that it permitted the jury to base a verdict of guilty on a mere attempt to deceive the officers without use of force. As the only evidence of the use of force was the firing of the gun, and as the verdict on the second count acquitted appellant of criminality with respect to that, the conclusion is inescapable that appellant was convicted because of the false statement made to the officers when he told them that Ballard was not in the house, or because he did not immediately open the door upon the command of the officer. This, in our opinion, was not sufficient to sustain a conviction.

While under some statutes and the decisions in some jurisdictions the use of force is not always a necessary element in the crime of resisting or interfering with an officer in the discharge of his duties, some use of force or threat to use it or display of force in such way as to intimidate or interfere with the officer is generally present. See cases collected in note in 48 A.L.R. 746 et seq. And the Supreme Court in a recent case has held that mere refusal to unlock a door does not constitute such interference even under a statute which makes no reference to force as an element of the offense. District of Columbia v. Little, 339 U.S. 1, 70 S.Ct. 468, 94 L. Ed. 599. In the statute under which appellant here was indicted, however, Congress has not left the matter in doubt but has specifically prescribed the use of force as an essential element of the crime, saying "Whoever *forcibly* assaults, resists, opposes, impedes, intimidates, or interferes with", etc. (Italics supplied). The use of the adverb "forcibly" before the first of the string of verbs, with the disjunctive conjunction used only between the last two of them, shows quite plainly that the adverb is to be interpreted as modifying them all. Cf. Porto Rico Ry. Light & Power Co. v. Mor, 253 U.S. 345, 348, 40 S.Ct. 516, 64 L.Ed. 944. Not only is this required by the ordinary rules of grammatical construction, but it would be absurd to limit the modifying effect of "forcibly" to the word "assaults", since this is the only one of the succeeding verbs in which the use or threat of force is necessarily implied and as to which the use of the adverb adds nothing. It should be noted also that section 111 is one of the sections under chapter 7 of the Criminal Code headed "Assault" and that the other sections of the chapter relate to assaults upon public ministers, and assaults and maimings within maritime and territorial jurisdiction. Such grouping of the section with others defining crimes in which force is a necessary element is not without significance. Noscitur a sociis.

When the history of the section is considered, it becomes perfectly clear that the adverb "forcibly" was intended to modify each of the verbs which succeeded it. The section was a consolidation of two sections of Title 18 as originally adopted. These were section 118, which was headed "Molesting Animal Industry employees * *", and section 254, which was headed "Resisting, interfering with or assaulting federal officer". Consideration of the latter section shows clearly that "forcibly" was intended to apply to the other verbs used and not to "assault" alone, for the crime of assault was defined in a separate clause and "forcibly" immediately preceded "resist". The language of that section before its consolidation was as follows:

"§ 254. Resisting, interfering with or assaulting federal officer; penalty. Whoever shall forcibly resist, oppose, impede, intimidate, or interfere with any person designated in section 253 of this title while engaged in the performance of his official duties, or shall assault him on account of the performance of his official duties, shall be fined not more than $5,000, or imprisoned not more than three years, or both; and whoever, in the commission of any of the acts described in this section, shall use a deadly or dangerous weapon shall be fined not more than $10,000, or imprisoned not more than ten years, or both."

It is perfectly clear that, when the revisers brought forward into 18 U.S.C. § 111 the provisions of former sections 118

and 254 and, in consolidating the language of the two sections, used the initial wording of section 118, they contemplated no change in the law but intended that force should be a necessary ingredient of the crime denounced by the consolidated section as it manifestly was by section 254 before the consolidation. It is worth noting that in all reported convictions under the statute, use of force in resisting the officer has been shown. See Sparks v. United States, 6 Cir., 90 F.2d 61; Garza v. United States, 5 Cir., 159 F.2d 413; Cook v. United States, 5 Cir., 117 F.2d 374; Pietrzak v. United States, 5 Cir., 188 F.2d 418; Ochoa v. United States, 9 Cir., 167 F.2d 341; Brown v. Zerbst, 5 Cir. 99 F.2d 745; United States v. Cameron, D.C., 84 F. Supp. 289; and see also Hargett v. United States; 5 Cir., 183 F.2d 859.

■■ Even though the use or threat of force is a necessary ingredient of the crime charged, we do not think that the first count of the indictment here should be held bad on a motion in arrest of judgment, since the indictment refers specifically to 18 U.S.C. § 111 and the language used describes the offense sufficiently to apprise the appellant of the crime charged and protect him against subsequent prosecution therefor. This is all that is required. See Aaron v. United States, 4 Cir., 188 F.2d 446, 447; Lucas v. United States, 4 Cir., 158 F.2d 865; Pifer v. United States, 4 Cir., 158 F.2d 867; Denny v. United States, 4 Cir., 151 F.2d 828; Nye v. United States, 4 Cir., 137 F.2d 73; Martin v. United States, 4 Cir., 299 F. 287. Since, however, under the charge of the court the jury may have based its finding of guilt under the first count upon the false representations made by appellant that Ballard was not in the house, we do not think that the conviction on that count should be allowed to stand. The judgment appealed from will accordingly be reversed and the case remanded for a new trial on the first count. On such trial the verdict upon the second count will preclude consideration of the firing of the gun as tending to establish the crime charged.

Reversed.