**UNITED STATES of America, Appellant,**

v.

**James E. CAVINESS, Appellee.**

No. 3279.

District of Columbia Court of Appeals.

Argued July 29, 1963.

Decided Sept. 17, 1963.

Gerald A. Messerman, Asst. U. S. Atty., with whom David C. Acheson, U. S. Atty., Frank Q. Nebeker and Paul A. Renne, Asst. U. S. Attys., were on the brief, for appellant.

William B. Bryant, Washington, D. C., with whom Theodore R. Newman, Jr., Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Defendant was charged by information with violation of Sec. 22–103, D.C.Code 1961,[1] in that he did "attempt without justifiable and excusable cause to impede, interfere with or resist an officer of the Metropolitan Police Department" while in the performance of his official duties. The specific acts charged included pushing an officer, breaking away and running.

The trial judge granted defendant's motion to dismiss the information for failure to state an offense, ruling that the information did not allege facts which constituted a violation of Sec. 22–103; that the acts were punishable under Sec. 22–505.[2] The government appealed.

The question before us is whether an *attempt* to commit a violation of Sec. 22–505 is properly chargeable under Sec. 22–103 or only under Sec. 22–505.

Appellant relies upon the similarity in language between Sec. 22–505 and 18 U.S. C.A. § 111,[3] and suggests that Sec. 22–505

---

1. Sec. 22–103: "Whoever shall attempt to commit any crime, which attempt is not otherwise made punishable by this title, shall be punished by a fine not exceeding one thousand dollars or by imprisonment for not more than one year, or both."

2. Sec. 22–505: "(a) Whoever without justifiable and excusable cause, assaults, resists, opposes, impedes, intimidates, or interferes with any officer or member of any police force operating in the District of Columbia while engaged in or on account of the performance of his official

duties, shall be fined not more than $5,000 or imprisoned not more than five years or both."

3. Tit. 18, Sec. 111: "Whoever *forcibly* assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both." [Emphasis added.]

may be read in the light of cases which have construed 18 U.S.C.A. § 111 and that Long v. United States, 4th Cir., 199 F.2d 717, stands for the proposition that an *attempt* to impede an officer is not punishable under Sec. 111, and likewise not under Sec. 22–505.

We cannot agree with the government's position. Prior to 1953, Sec. 22–505 applied only to those who used "personal violence" upon any member of the police force. A subcommittee of the House Committee on the District of Columbia expressed concern over the frequent attacks upon police officers by persons taken into custody. H.R. Rep. No. 3244, 81st Cong., 1st Sess. 29 (1951). In 1953 Sec. 22–505 was amended to its present language as part of the District of Columbia Law Enforcement Act of 1953. A review of the hearings and report on the Law Enforcement Act affords no clue as to the reasons for the omission of the words, "uses personal violence." The government suggests that Congress intended to provide the same protection for officers of the Metropolitan Police Department as was afforded other federal officers in the performance of their duties under 18 U.S.C.A. § 111.

Assuming, *arguendo,* the correctness of this theory, appellant places itself in no better position. As we read the Long case, supra, we are not convinced that it stands for the proposition that an *attempt* to impede an officer is not punishable under Sec. 111 of Title 18 of the U.S.Code; rather the case turns on the absence of force in Long's attempt to deceive the police. The implication is unavoidable that Long would have been guilty if his attempt had been accompanied by force. If Title 18, § 111 of the U.S.Code is analogous to Sec. 22–505 of the D.C.Code, except for the element of force, we believe, based on Long, that an attempt is punishable under both Sec. 111 of Title 18 of the U.S.Code and Sec. 22–505 of the D.C.Code.

If the government's view is upheld, an offender would come under Sec. 22–505 only

if he had succeeded in completely thwarting the officer. Bearing in mind the intent of Congress in the amendment of this section, we rule that the revised language intended to provide punishment for both completed acts as well as attempts to commit acts impeding or interfering with an officer in the performance of his official duties.

We hold defendant-appellee was improperly charged under Sec. 22–103 and that the trial judge's dismissal of the information was correct.

Affirmed.