**UNITED STATES of America, Plaintiff,**

v.

**Charles Holland GLOVER, Defendant.**

**No. H-70-Cr-9.**

United States District Court,
E. D. Arkansas, E. D.

Dec. 10, 1970.

---

80. 17 C.J.S. Contempt § 14, pp. 40–44.

**592**

James G. Mixon, Asst. U. S. Atty., Little Rock, Ark., for plaintiff.

Giles Dearing, Wynne, Ark., for defendant.

## MEMORANDUM OPINION

EISELE, District Judge.

At the conclusion of the government's case and at the conclusion of the entire case, the defendant moved for judgment of acquittal. The principal contention, which gave the Court great concern, was that there was no evidence that the defendant "forcibly" intimidated and interfered with Special Agent George B. Stewart of the F.B.I. Indeed, the indictment did not even refer to the use of "force," although this would not render it defective because it referred specifically to the statute, 18 U.S.C. § 111, which provides:

> "Assaulting, resisting, or impeding certain officers or employees. Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both."

The Court decided to reserve its decision on the question and to submit the case to the jury upon instructions which included, *inter alia*, the following:

> "There are three essential elements of the offense that must be proved before you may find the defendant guilty of the crime charged in the indictment.
>
> "First, you must find that the defendant has interfered with or intimidated an officer of the F.B.I. while that officer was engaged in the performance of his official duties.
>
> "Second, you must find that the interference or the intimidation was wilful; and
>
> "Third, that the intimidation or interference must have been forcible. You must be the judges as to what act or acts would constitute force or the threat of force. I instruct you that you may find that a threat of future force is sufficient to warrant a finding of a forcible interference or intimidation.
>
> "If you find that one or more of these three necessary elements was missing, then you must acquit the defendant of the charge."

The jury found the defendant guilty. Thereafter the defendant filed a "Motion for Judgment of Acquittal Notwithstanding the Verdict of the Jury." The defendant relies principally upon the case of Long v. United States, 4 Cir.,

199 F.2d 717. The government has filed a memorandum in opposition to the motion, and it, too, relies principally upon the *Long* decision.

The government concedes that the adverb "forcibly" as used in § 111 does apply to and modify the verbs "intimidates" and "interferes." Nevertheless the government contends that upon the facts of this case a jury could properly find that the threat which constituted the alleged interference and intimidation was made in a context which would justify the conclusion that it was made "forcibly." Specifically, the government contends that the word "forcibly" embraces a "threat of force" and that there is no requirement that this threat of the use of future force should be immediate. It argues that there should be no distinction between a threat of future force which intimidates and a threat of present force which intimidates.

There was circumstantial evidence from which the jury could have found that the defendant placed on Special Agent Stewart's official vehicle a sticker reading, "The Knights Of The KU KLUX KLAN Is Watching You" (Government's Exhibit 1). Special Agents Stewart and Wanamaker had had a brief encounter with the defendant around noon of the day in question, at which time they had questioned him about a recent bombing and his participation in the Ku Klux Klan, which he denied. Later that day, about 4:00 p. m., Special Agent Wanamaker, as he was turning the corner in front of his office, saw Glover walking away from Special Agent Stewart's car, at which time he noticed the sticker on the car. Special Agent Wanamaker proceeded to his office, where he found Stewart; together they returned to the street, inspected the sticker on the car, and proceeded across the street to question Glover. Glover denied placing the sticker on the car, and when Special Agent Stewart asked him again, he replied, "You already had your first warning; you won't get a second." Wanamaker's testimony was supported by Special Agent Stewart's testimony concerning what transpired after they returned to the street. Glover denied placing the sticker on the car and denied making the statement, but admitted that he walked by the car and did in fact make a special trip from across the street, around the car, and back across the street. Special Agents Stewart and Wanamaker also testified that when they arrested the defendant at approximately 5:30 p. m. the same day they found in his possession a sticker identical to the one placed on the car, together with other Klan literature. (Government's Exhibit 2). In addition, there was evidence, offered by the government but excluded by the Court, that the defendant had recently attended a rally conducted by the Ku Klux Klan near Forrest City, and had been given certain Klan literature which was found in his automobile at the time he was arrested. (See Government's Exhibit 3.) There was, however, no competent evidence that the defendant belonged to the Ku Klux Klan and, indeed, he specifically denied membership in that organization. During the course of Special Agent Stewart's testimony, the Court asked Stewart:

COURT: "Was there any forcible interference with you by this defendant or any intimidation, use of force, or just the language?"

STEWART: "The language."

COURT: "Was not accompanied by any physical overt act?"

STEWART: "No."

The Court finds that these fine, professional agents of the F.B.I., Mr. Stewart and Mr. Wanamaker, were not, in fact, in any way intimidated by this wiseacre, loudmouthed, nineteen-year-old defendant. Nor did he in fact interfere with them in the conduct of their official duties.

The government argues that the evidence was sufficient to permit the jury to find that the language used by the defendant necessarily implied a threat of the use of future force of the type for

which the Klan is infamous. To quote from the government's memorandum:

"This Court should not require George Stewart, nor should it require the Jury to disregard the significance between a situation involving the Ku Klux Klan and those which do not. The Jury is told not to put away its common knowledge and sense in drawing the correct inferences from the evidence. Surely common sense and practical judgment should be allowed to inform Special Agent Stewart and this Jury that a subtle warning involving racial matters in eastern Arkansas, and involving the Ku Klux Klan is far more dangerous and foreboding than an angry retort by an ordinary citizen under different circumstances. Although there is probably insufficient evidence to convict Charles Glover of being a member of the Ku Klux Klan, if such were against the law, still there is evidence from which the Jury could certainly infer that he was a Klan sympathizer and could summon organized Ku Klux Klan force and violence if he so desired. This certainly would not be an unreasonable conclusion for George Stewart to reach. At the time of the trial there existed additional evidence in regard to Glover's affiliation with the Ku Klux Klan, but such evidence was excluded on motion of the defendant. The presence of the Ku Klux Klan surrounds the very heart of the threat by Glover. The position of the Ku Klux Klan on the integration of schools and on other matters of a racial nature is one of public knowledge and concern, and the Klan method of resistance to efforts toward integration and the like are likewise known throughout the land. These methods include lynchings, whippings, shootings, and more recently, bombings. Both Special Agents Stewart and Wanamaker testified that they were investigating a recent bombing in Forrest City. This Court should not hold as a matter of law that the Jury in this case from the evidence presented could not reasonably and honestly conclude that Glover put the sticker on Agent Stewart's car and threatened Stewart in a vehement but subtle and unverbalized manner with some traditional Ku Klux Klan retribution and violence if he did not cease his efforts to locate the person responsible for the recent bombing."

■■ There are two questions here: (1) whether the instruction quoted above is a correct statement of the law in suggesting that a "threat of force" (whether in the immediate or indefinite future) is adequate under the statutory requirement of "forcibly," and (2), if the instruction correctly stated the law, whether there was sufficient evidence to justify a jury verdict that there was here an implied "threat of future force."

As Judge Parker pointed out in the *Long* case,

"While under some statutes and the decisions in some jurisdictions the use of force is not always a necessary element in the crime of resisting or interfering with an officer in the discharge of his duties, some use of force or threat to use it or display of force in such way as to intimidate or interfere with the officer is generally present."

But Judge Parker went on to say that under § 111,

" * * * Congress has not left the matter in doubt but has specifically prescribed the *use of force* as an essential element of the crime * * *." (Emphasis supplied.)

Later in the opinion he went further:

"Even though the use *or threat* of force is a necessary ingredient of the crime charged * * *." (Emphasis supplied.)

This language was not necessary to the decision in the *Long* case. This Court holds that § 111 requires the *use* of force and not the mere threat thereof. The language of the statute is too clear to conclude otherwise despite the quoted dicta in *Long*. Any indefinite, non-specific threat would be adequate to sustain

a finding of "forcibly" if we were to hold to the contrary. Therefore the Court's instruction, quoted above, is in error, and the defendant's motion for judgment of acquittal notwithstanding the verdict should be granted.

Even if the "threat of force," as mentioned in *Long*, or the "threat of future force," as mentioned in this Court's instruction, were sufficient, the Court concludes that there was insufficient evidence to send such an issue to the jury in this case.

Despite the Court's feeling that our federal law enforcement officials need and deserve the greatest possible protection from interference or intimidation (and not only from "forcible" interference or intimidation) in the performance of their official duties, it must nevertheless follow the rule that criminal statutes should be strictly construed and that § 111, as written, does not protect our federal law enforcement officials from non-forcible intimidation or interference or from intimidation or interference based merely upon the implied threat of the use of force sometime in the indefinite future. Congress should reevaluate this situation.

The verdict of the jury will be set aside and judgment of acquittal entered in accordance with this opinion.