**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Felix Amado YANIZ–CREMATA,
Defendant-Appellant.**

**No. 74–2696**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 11, 1974.

Rehearing Denied Jan. 3, 1975.

George Nicholas, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Karen L. Atkinson, Crim. Div., Dept. of Justice, Miami, Fla., for plaintiff-appellee.

Before BELL, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

Felix Amado Yaniz-Cremata was convicted by jury of conspiring, Title 21 U.S.C. Sec. 846, to distribute cocaine knowingly and intentionally in violation of Title 21 U.S.C. Sec. 841(a)(1). The sole issue on appeal is whether the evidence is sufficient to support a guilty verdict. We affirm.

Taking a view of the evidence in the light most favorable to the government, Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; United States v. Warner, 5 Cir. 1971, 441 F.2d 821, the jury could reasonably have found beyond a reasonable doubt that appellant had knowledge that a conspiracy existed and participated in an overt act in furtherance of it. The evidence

---

* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

revealed that Anteparra and Rodriguez, both unindicted co-conspirators and prior acquaintances, chanced to meet on a plane returning to the United States from Peru. Both were bringing in cocaine. Together with Linda Breeden, who traveled with Anteparra and got the cocaine through customs by taping it to her body, they took a taxi to appellant's barber shop. The shop was closed so they drove to Fort Lauderdale and registered at a motel.

The evidence further revealed that at the motel Rodriguez asked Anteparra to make a phone call for him to a person named Amado and when Amado was reached, he and Rodriguez had a conversation. When Anteparra asked Rodriguez who his Miami contact was, Rodriguez merely told him his contact would come to the motel in a few hours. Eventually appellant came to the motel where a further conversation took place between him and Rodriguez. The next day when Anteparra asked Rodriguez where he could obtain material with which to cut the cocaine, Rodriguez told him appellant could supply it.

The following day Anteparra and Breeden went to appellant's barber shop where they met Rodriguez and appellant. Appellant supplied Anteparra with a pound of milk sugar and a quantity of bicarbonate which was eventually used to cut the cocaine. Appellant told Anteparra how to cut the cocaine with the milk sugar and warned him to get out of Miami as quickly as possible since Miami was "hot". Anteparra was given the number of the public telephone located in appellant's barber shop should Anteparra need to contact Rodriguez later.

Appellant correctly points out that mere association with others is not enough evidence to support a guilty verdict, United States v. Arroyave, 5 Cir. 1973, 477 F.2d 157, but here appellant supplied materials to cut the cocaine. This aided materially in the distribution of the cocaine. From this act, coupled with the contacts appellant had with Rodriguez, Breeden and Anteparra immediately after they entered the United States with the drugs, and his advice that the Miami area was "hot", the jury could reasonably conclude beyond a reasonable doubt that appellant knowingly became a participant in a conspiracy to distribute cocaine. No more was required. United States v. Amato, 5 Cir. 1974, 495 F.2d 545, 549, and cases there cited. It is of no moment that appellant received no pay for his aid.

Affirmed.