UNITED STATES of America

v.

Eugene CUNNINGHAM, Appellant.

No. 74–1416.

United States Court of Appeals,
District of Columbia Circuit.

March 19, 1975.

Louis A. Kleiman, Washington, D. C. (appointed by this court), was on the brief for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, John O'B. Clarke, Jr., and Mary-Elizabeth Medaglia, Asst. U. S. Attys., were on the brief for appellee.

Before McGOWAN and WILKEY, Circuit Judges, and VAN PELT,* Senior District Judge for the District of Nebraska.

PER CURIAM:

In this appeal from a conviction, by a jury, for forcible resistance to federal officers engaged in the conduct of their duties,[1] the only issue raised is whether the trial court erred in denying appellant's motion for acquittal at the close of all the evidence.

The evidence, taken in the light most favorable to the Government, tended to establish the following. Pursuant to an order of the District Court, United States Marshals conducted appellant and three other inmates of the cell block in the Superior Court's Building B to the central cell block at Metropolitan Police Headquarters for a line-up in connection with crimes for which they were being held. (The prisoners had allegedly participated in an attempted jailbreak and riot at the District of Columbia jail.) A supplemental court order had instructed the marshals as follows:

. . . the United States Marshals escorting prisoners to this line-up and the Metropolitan Police Department Officers conducting this line-up may take all actions deemed necessary to assure the safety of the law enforcement officers participating in the line-up and to assure the defendants [sic] presence in the line.

Discontent over the line-up apparently broke out among the prisoners even before their destination was reached. Appellant in particular demanded that he be allowed to confer with his lawyer before standing in the line. He later testified that his purpose was to maneuver himself "back into the court and talk to the judge about what had transpired and what was getting ready to transpire." When he did mount the stage, he immediately turned and faced the wall. The marshals forcibly turned him around. His next ploy was to lower his chin to his chest so that his face could not be seen. The marshals forcibly raised his head. He began kicking and thrashing and was removed from the stage. After being permitted to confer with his attorney, appellant was carried back onto the stage, where again he had to be forcibly restrained. In addition to his continued kicking and thrashing, appellant tried to bite one of the marshals (he was by this time shackled as well as handcuffed), shouted profanities and threats, spat on a police officer helping in the marshals' effort, and urged his fellow prisoners to resist also. At one point appellant had to be restrained by the use of a "come along" hold by which pain was inflicted by bending appellant's little finger back until he complied with the marshals' directions.

Appellant's challenge to the legality of his conviction is based on his claim that in forcing him to stand in the line-up the marshals were acting outside the scope of their authority. There are really two parts to this claim. The first is that the marshals were only authorized to escort appellant to the line-up and from that point were to leave its conduct to the Metropolitan Police. The second is that, whoever was properly conducting the line-up, they had no authority to force appellant to participate in it against his will. They could not resort, in his terms, to "self help", but should instead have sought a court order directing appellant's participation.

---

* Sitting by designation pursuant to Title 28 U.S.C. § 294(d).

1. 18 U.S.C. § 111 (1970) provides as follows: Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title [among them United States Marshals] while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both.

■ The first of these claims presents a question of fact that the trial judge could, as he did, validly resolve against appellant. The order under which the marshals were acting directed them to "assure the defendants' presence in the line." In light of the fact that they would have far better knowledge than the police as to whether and in what way appellant and his fellow prisoners might be dangerous, an interpretation of the order which authorized the marshals to handle the prisoners in the line-up as well as en route to it seems completely reasonable, if not required.

■ The second claim has even less merit. Legal detention by government agents obviously implies a subjection to their moment-to-moment directions, and we are not about to hold that they must enforce those directions by obtaining in each case a court order. The obvious next question would be how they were then to enforce such a court order, if not by physical force when necessary. Indeed, they were in this case already enforcing the broad court order that the appellant take part in the line-up in question.

■ In any event, the legality of appellant's conviction does not turn on a nice judgment as to whether the marshals in fact exceeded their authority, even if that were a question open to serious doubt. Federal officers engaged in good faith and colorable performance of their duty may not be forcibly resisted, even if the resistor turns out to be correct that the resisted actions should not in fact have been taken. The statute requires him to submit peaceably, seeking legal redress thereafter. *See* United States v. Martinez, 465 F.2d 79 (2d Cir. 1972) (statute protects officer from interference with arrest even if made without probable cause, provided an officer not off on "frolic of his own"); United States v. Heliczer, 373 F.2d 241, 245 (2d Cir.), cert. denied, 388 U.S. 917, 87 S.Ct. 2133, 18 L.Ed.2d 1359 (1967) (" 'Engaged in . . . performance of official duties' is simply acting within the scope of what the agent is employed

to do. . . . It cannot be said that an agent who has made an arrest loses his official capacity if the arrest is subsequently adjudged to be unlawful.") *Cf.* United States v. Simon, 409 F.2d 474, 477 (7th Cir.) (dictum), cert. denied, 396 U.S. 829, 90 S.Ct. 79, 24 L.Ed.2d 79 (1969).

■ A more substantial question is that raised, and we believe, correctly answered, in the Government's brief, namely, whether appellant's conduct at the line-up constituted the kind of forcible assault, resistance, or interference that the statute makes punishable. It is clear that not all failures to cooperate with federal agents are within the statute's prohibition, and that some measure of presently applied force is required. Threats of the future use of force are not enough, United States v. Glover, 321 F.Supp. 591 (E.D.Ark.1970), nor is mere deception of a federal agent, Long v. United States, 199 F.2d 717 (4th Cir. 1952), nor, presumably, would be the mere refusal to unlock a door through which federal agents sought entrance. *Cf.* District of Columbia v. Little, 339 U.S. 1, 70 S.Ct. 468, 94 L.Ed. 599 (1950) (construing District of Columbia regulation outlawing the "interfering with or preventing [of] any inspection" by a health officer).

■ Whether a person has opposed the efforts of federal agents with sufficient force to engage the statute can thus be a troublesome question of degree. It does not seem at all a troubling one in this case, however. Appellant appears to have resisted with all the force at his command, enough to require the help of half a dozen officers to overcome and enough to delay the line-up considerably. The combination of his thrashing, kicking, biting, and attempting to exhort others to violence make him a substantially more "forcible" resistor than those whose convictions under the statute have been upheld in a number of other cases. *See* United States v. Frizzi, 491 F.2d 1231 (1st Cir. 1974) (spitting on federal marshal held "forcible" assault) (alternative holding); United States v. Bamber-

ger, 452 F.2d 696 (2d Cir. 1971), cert. denied, 405 U.S. 1043, 92 S.Ct. 1326, 31 L.Ed.2d 585 (1972) (physical restraining of prison guard and removal of keys from his pocket held "forcible" interference); United States v. Goodwin, 440 F.2d 1152 (3d Cir. 1971) (kicking and flailing while being dragged from car by federal officers held "forcible" resistance); Carter v. United States, 231 F.2d 232 (5th Cir.), cert. denied, 351 U.S. 984, 76 S.Ct. 1052, 100 L.Ed. 1498 (1956) (accelerating car while federal officer was attempting to enter and search it held "forcible" resistance). *Cf.* United States v. Johnson, 462 F.2d 423 (3d Cir. 1972), cert. denied, 410 U.S. 937, 93 S.Ct. 1396, 35 L.Ed.2d 602 (1973).

Affirmed.