### UNITED STATES of America

v.

### Frank PANZANELLA.

### Crim. A. No. 72–193.

United States District Court,
W. D. Pennsylvania.

July 14, 1976.

Blair Griffith, U. S. Atty., Pittsburgh, Pa., Stephen I. Goldring, Pittsburgh, Pa., for plaintiff.

John J. Hudacsek, Beaver Falls, Pa., for defendant.

## MEMORANDUM OPINION

WEBER, District Judge.

Defendant has been indicted under 18 U.S.C. § 1511 with conspiring to obstruct the enforcement of the criminal laws of the Commonwealth of Pennsylvania with the intent to facilitate illegal gambling operations in violation of 18 Pa. S. §§ 4601 and 4607. The defendant waived his right to trial by jury and was tried by the court. The facts in issue are not disputed and the issue is whether the evidence establishes the required intent.

■ Early in December 1971 the defendant was contacted by co-defendant Anthony Acon, the head of an illegal numbers and gambling operation in Beaver County, Pennsylvania. Aware that the defendant was in substantial debt, and knowing that he was about to lose his job as County Detective due to a change in administration, Acon proposed to secure for Panzanella the position of Deputy Sheriff of Beaver County. In exchange for this appointment defendant was to provide protection for Acon's gambling operations while harassing would-be competitors. It appears that Acon had been the victim of defection in that a number of his former writers had joined forces with the opposition. Panzanella knew at the time that Sheriff Heineman was a part of the conspiracy with Acon.

The evidence produced at trial, including defendant's own testimony, clearly and unequivocally establishes that the defendant had the intent to and did in fact enter into an agreement to accept employment as a Deputy Sheriff, knowing that the Sheriff and Acon were already engaged in a conspiracy to obstruct justice.. There is no doubt that he possessed the requisite intent to become a party to the agreement. There is no evidence of defendant's intent to carry out his role in the overall scheme.

From the testimony of the defendant as corroborated by the cross-examination of Acon it was shown that Panzanella never fulfilled his bargain of harassing competitors; that he continually fabricated excuses justifying his inability to execute direct commands of superiors; and that it was he who gave competitors advance warning of raids. Defendant argues these facts negate the requisite intent element necessary to convict him of conspiracy. Defendant cites

15A C.J.S. Conspiracy § 37, page 731, "If one person only feigns acquiescence in a proposal of another to pursue an unlawful enterprise, there is no conspiracy, since there is no union or concert of wills . ." Defendant argues that in order to be convicted of conspiracy he must have willingly entered into the conspiratorial agreement and must, in his own mind, have possessed with the others a unity of design or purpose and a concert of will. Defendant denies possessing the corrupt motive and intent to further the illegal activity.

The essential elements of a conspiracy are an unlawful agreement and an overt act in furtherance of the agreement. *United States v. Floyd*, 496 F.2d 982 [2nd Cir. 1974]. The overt act in question need not be criminal in nature and need not involve more than one conspirator. *United States v. Bass*, 472 F.2d 207 [8th Cir. 1973]. A defendant charged with conspiracy need not commit any specific alleged overt act as long as one of his co-conspirators was involved in an overt act, and in order to be guilty of conspiracy one need only knowingly contribute his efforts in furtherance of the conspiracy. *United States v. Francesco*, 410 F.2d 1283 [8th Cir. 1969]. Mere knowledge, approval of or acquiescence in the object or purpose of a conspiracy, without an intention and agreement to cooperate in the crime is not sufficient to make one a conspirator. *United States v. Williams*, 503 F.2d 50 [6th Cir. 1974].

Defendant herein by accepting the position of Deputy Sheriff with its precedent conditions became a part of a conspiracy. Defendant desired to be an innocent party to the conspiracy. Rather than become involved, he chose to be passive. He harassed no one. Panzanella may not have had the intention of doing any overt act, but by doing nothing he encouraged illegal gambling in Beaver County. He took no law enforcement action against Acon's writers. He knew that the Sheriff was part of the conspiracy. This was tantamount to conspiring to obstruct the enforcement of state gambling law. *United States v. Crockett*, 514 F.2d 64 [5th Cir. 1975].

*The knowing adherence to a corrupt scheme suffices to support a conviction of conspiracy without the necessity for showing that the accused participated in, or even had knowledge of the overt acts committed by other conspirators.* *United States v. Barone*, 458 F.2d 1027 [3rd Cir. 1972]. When the defendant accepted the appointment his membership in the conspiracy was confirmed, regardless of motive. The fact that each conspirator performed a different role and might have had dissimilar motives for participating in the transactions does not defeat the conspiracy charge. *United States v. Jones*, 425 F.2d 1048 [9th Cir. 1970]; *United States v. Hoffa*, 367 F.2d 698 [7th Cir. 1966].

The importance of defendant's role does not control the question of whether or not he was or was not a member of the conspiracy. *United States v. Gisehaltz*, 278 F.Supp. 434 [S.D.N.Y.1967]. One who participates in a criminal conspiracy is no less liable because his part may be minor and subordinate. *United States v. Wilson*, 500 F.2d 715 [5th Cir. 1974]. And it is of little consequence that the defendant refused to take "a god damn dime" for his participation in the agreement. The fact that the defendant refused monetary remuneration does not preclude a finding of conspiracy. *United States v. Yaniz-Cremata*, 503 F.2d 963 [5th Cir. 1974]. Defendant did not refuse to take his salary, which was part of the consideration for the agreement.

To support a conviction of conspiracy, the government must show both an agreement and a specific intent to achieve some unlawful goal. *United States v. Klein*, 515 F.2d 751 [3rd Cir. 1975]. It is, therefore, essential to determine what kind of agreement or understanding existed as to each defendant. *United States v. De Cavalcante*, 440 F.2d 1264, 1275 [3rd Cir. 1971]. Without knowledge of some improper purpose there can be no agreement to conspire. Likewise, the requisite specific intent cannot exist without the knowledge of some illicit purpose. *United States v. Falcone*, 311 U.S. 205, 61 S.Ct. 204, 85 L.Ed. 128 [1940]. By joining the conspiracy the

criminal intent to do the *act* was established. *Pinkerton v. United States*, 328 U.S. 640, 647, 66 S.Ct. 1180, 90 L.Ed. 1489 [1945].

■ There is no doubt the defendant entered into an agreement. It is argued that the evidence establishes that he did not have the intent when making the agreement to commit an overt criminal act amounting to a substantive violation. The failure to prevent the carrying out of an illegal conspiracy, though the defendant has the power to do so, will not make him guilty of the offense without further proof that he has in some affirmative way consented to be a party thereto. *Marino v. United States*, 91 F.2d 691 [9th Cir. 1937]. By accepting the position of Deputy Sheriff the defendant furnished the additional proof that he affirmatively consented to be a member of the conspiracy.

■ To be held responsible for a conspiracy it is only necessary that a defendant know of the conspiracy, associate himself with it, and knowingly contribute his efforts in furtherance of it. *United States v. Luxenburg*, 374 F.2d 241 [6th Cir. 1967]; *United States v. Hickey*, 360 F.2d 127 [7th Cir. 1966]. It is not necessary that the defendant commit an overt act amounting to a substantive violation so long as he acted in such a manner as to facilitate the illegal operations. *United States v. Kohne*, 347 F.Supp. 1178 [W.D.Pa.1972]. And it makes no difference that the defendant was no longer involved in the conspiratorial scheme, so long as another member of the conspiracy thought he was. *United States v. Bennett*, 409 F.2d 888 [2nd Cir. 1969].

For the above stated reasons we find that the defendant knowingly entered into a conspiracy to obstruct the criminal laws of Pennsylvania with the intent to facilitate illegal gambling operations.