**UNITED STATES of America**

v.

**Billy Gene VIVIANO.**

**Crim. A. No. 86–21.**

United States District Court,
E.D. Louisiana.

April 30, 1986.

C. Reneé Clark, Asst. U.S. Atty., New Orleans, La., for plaintiff.

Joseph C. Bartels, New Orleans, La., for defendant.

ROBERT F. COLLINS, District Judge.

At the conclusion of the Government's case and at the conclusion of the entire case, the defendant moved for judgment of acquittal. The principal contention, which gave the Court great concern, was that there was no evidence that the defendant "forcibly assaulted, resisted, opposed, impeded, or intimidated" or did any of the other acts charged in Count I of the superseding indictment or 18 U.S.C. § 111 which provides:

Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both.

Whoever, in the commission of any such acts uses a deadly or dangerous weapon, shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

The Court decided to reserve its decision on the question and to submit the case to the jury upon instructions which included, *inter alia*, the following:

[To] establish the offense of forcibly assaulting, resisting, opposing, impeding, intimidating or interfering with a federal officer, in the performance of his/her official duties, as charged in the indictment, there are three essential elements which must be proved beyond a reasonable doubt:

*First:* That the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with the person described in the indictment;

*Second:* That the person assaulted, resisted, opposed, impeded, intimidated, and interfered with was a federal officer, as described above, then engaged in the performance of his/her official duty, as charged; and

*Third:* That the defendant did such acts knowingly and willfully.

The jury was unable to agree on a verdict. Thereafter, the Court declared a mistrial and took under submission defendant's Motion for Judgment of Acquittal.

Defendant, Billy Gene Viviano, was charged pursuant to a two-count superseding indictment, Count I of which charges:

That on or about November 19, 1985, in the Eastern District of Louisiana, Billy Gene Viviano, willfully and knowingly did forcibly assault, resist, oppose, impede, intimidate and interfere with Veronica D. Wicker, a United States District Court Judge, while the said Judge was engaged in and on account of the performance of her official duties; all in violation of Title 18, United States Code, Sections 111 and 1114.

The evidence against Viviano was based, for the most part, upon the testimony of Drs. Stewart and Moan, psychiatrist and psychologist, respectively, who treated him professionally, and the testimony of the Honorable Veronica D. Wicker, who presided over a civil trial in which Viviano was the plaintiff. Dr. Stewart testified that Viviano came to see him after Judge Wicker granted a new trial in the civil action in which a jury had previously returned a substantial verdict in his favor. According to Dr. Stewart's testimony, Viviano was extremely distressed over Judge Wicker's decision.

During sessions with Drs. Stewart and Moan, Viviano allegedly made threats against the lives of Judge Wicker and Mr. Otis Birdsall, his attorney in the civil suit. Both Stewart and Moan testified that they had previously warned Viviano that "if he persisted in making these threats, we would have to tell someone." Because they believed that Viviano would carry out the threats made, a letter was sent to Judge Wicker by Dr. Stewart, warning her of Viviano's statements. Judge Wicker testified that she felt very threatened, "because the letter had come to her from a professional, someone trained in this area."

Testing the sufficiency of the evidence, the Court, of course, considers the case in light of the evidence most favorable to the Government. *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Yaniz-Cremata,* 503 F.2d 963 (5th Cir.1974). Defendant argues that a person charged under 18 U.S.C. § 111 must have had to exert some force on the person being assaulted, resisted, opposed, impeded, intimidated, or interfered with. The defendant relies principally upon the case of *Hill v. The City of Houston,* 764 F.2d 1156 (5th Cir.1985).

The operative word in 18 U.S.C. § 111 is "forcibly."[1] Both, the Government and defendant, agree that the adverb "forcibly" as used in § 111 does apply to and modify the verbs "assaults," "resists," "opposes," "impedes," "intimidates," and "interferes." *See, Hill v. The City of Houston, Texas,* 764 F.2d at 1164 (Court found 18 U.S.C. § 111 to be similar to the Houston City ordinance except federal law qualifies the proscribed conduct with the adverb "forcibly"). The element of force in § 111 is plainly of substance and not of form only. Defendant claims, and the Court agrees, that there was no showing of force as required by the statute and the indictment. "And force is a required element." *U.S. v. Hightower,* 512 F.2d 60, 61 (5th Cir.1975); *U.S. v. Marcello,* 423 F.2d 993 (5th Cir.1970); *U.S. v. Glover,* 321

---

**1.** Section 111 of Title 18 was enacted in essentially its present form in 1934. The legislative history of section 111 is sparse, and there is no reference to the intended meaning and scope of its language. See S.Rep. No. 535, 73d Cong., 2d Sess. (1934); H.R.Rep. No. 1455, 73d Cong., 2d Sess. (1934); 78 Cong.Rec. 8126–27 (1934).

F.Supp. 591, 593 (E.D.Ark.1970); *Long v. United States*, 199 F.2d 717 (4th Cir.1952); *see also United States v. Bamberger*, 452 F.2d 696, 699 ("[I]t is a general rule of statutory construction that words in statutes should not be construed as excess verbiage").

As the evidence shows, there was no testimony from either Drs. Stewart or Moan or any of the FBI agents investigating the case that Viviano knowingly made any in-person or direct threats on Judge Wicker or that he had any contacts with her on or about the date alleged in the indictment. The answer as to whether any force was used was perhaps best testified to by Judge Wicker herself:

> Defense Counsel: Q. And there's been no ... contact you can tell the Court about regarding yourself and Billy Gene Viviano other than the letters from Dr. Stewart and Dr. Moan?
>
> Judge Wicker: A. That's right.

■ It has been held that the threat must be a present one; in *United States v. Glover*, 321 F.Supp. at 595, an "implied threat of the use of force sometime in the indefinite future" was held not to constitute a violation of section 111. This Court must agree. If this Court were to hold otherwise, then any indefinite, non-specific threat would be adequate to sustain a finding that one had been forcibly assaulted. *See also, U.S. v. Cunningham*, 509 F.2d 961, 963 (D.C.Cir.1975) (involving defendant who resisted efforts of United States Marshals to force him to participate in a line-up); *Long v. United States*, 199 F.2d 717 (4th Cir.1952). In this regard, the Court instructed the jury specifically on the definition of what acts might encompass a "forcible assault."[2]

> The term "forcible assault" means any willful attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so, and includes any intentional display of force that would give a reasonable person

cause to expect immediate bodily harm even though the threat or attempt is not actually carried out and the victim is not actually injured.

The Court concludes that there was insufficient evidence to send such an issue to the jury in the case *sub judice.*

Despite the Court's feelings that our judges and other federal law enforcement officials need and deserve the greatest possible protection from forcible assaults or interferences in the performance of their official duties, and notwithstanding the fact that an alleged incident might reasonably inhibit or cause apprehension on the part of an official in carrying out her official duties in the future, the Court must nevertheless follow the oft cited rule that criminal statutes should be strictly construed and that § 111, as written, does not protect federal officials from non-forcible assaults, resists, intimidations, or interferences based merely upon the alleged threat of the use of force sometime in the indefinite future. Finally, I cannot in good conscious pass on this issue without at least urging upon Congress to provide the courts with better guidance in determining what acts violate the statute.

Accordingly, the motion for judgment of acquittal as to Count I of the Superceding Indictment is GRANTED. The Court, however, after having carefully reviewed the evidence and having considered the case in light of the evidence most favorable to the Government, hereby DENIES defendant's motion for judgment of acquittal on Count II of the Indictment.

---

**2.** The definition given by the Court has been cited approvingly by the Fifth Circuit Court of

Appeals in its pattern jury instructions.