900 F.2d 256
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darryl COVINGTON, Defendant-Appellant.
 No. 89-5212.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 20, 1990.
Decided: April 5, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (CR-89-155-A)
 C. Dean Latsios, Fairfax, Va., for appellant.
 Henry E. Hudson, United States Attorney; Debra S. Straus, Special Assistant United States Attorney; Andrew S. Bennett, Special Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, CHAPMAN, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Darryl Covington appeals his conviction of one count of assaulting correctional officers engaged in the performance of official duties by use of a dangerous weapon in violation of 22 D.C.Code Sec. 505(b). He was found guilty after a jury trial and sentenced to a 52-month term of imprisonment, to run consecutively to his present sentence, and 2 years of supervised release. We affirm.
 
 
 2
 After the electricity failed one evening at Lorton Reformatory, inmates began to throw bricks and other objects at the quarter post. Two correctional officers on duty in the post, concerned for their safety, called for assistance. Three other officers responded and together the five officers left the post to seek the safety of the control center. As the group of officers walked down the sidewalk to the center, inmate Covington threw half of a brick at the group. Two officers ducked and the brick hit the wall, richocheted, and hit an officer in the leg. Covington threw a second brick which hit an officer in the back.
 
 
 3
 Covington contends that the government failed to prove that the officers were engaged in the performance of their official duties at the time of the assault, and that he used a deadly or dangerous weapon. He also argues that the court erred in admitting an officer's testimony that, had he not ducked, the brick would have hit him in the face.
 
 
 4
 Covington's arguments are without merit. The government presented substantial evidence supporting the charge that the officers were engaged in performing official duties. Officers act within the scope of their duty when they afford protection to other officers and seek their own protection when subjected to attack or threat of attack by prisoners. See United States v. Cunningham, 509 F.2d 961, 963 (D.C.Cir.1975). The officers' description of the attack showed that the prisoners used bricks and parts of bricks as dangerous weapons. The court committed no error by admitting testimony that an officer had to duck to avoid being struck on the head. This testimony illustrated the dangerousness of the bricks used to attack the officers. The court's evidentiary ruling was squarely in accord with Federal Rule of Evidence 701, which allows opinion testimony by lay witnesses when rationally based on the witness's perception, and helpful to understanding the testimony or determining a fact in issue.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and the argument would not aid the decisional process.
 
 
 6
 AFFIRMED.